### DARNELL TATEM *v.* COMMISSIONER OF CORRECTION
(14236)

Foti, Landau and Spear, Js.

---

[3] See *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).

Argued November 7—decision released December 12, 1995

*Michael A. Rubino, Jr.*, special public defender, for the appellant (petitioner).

*Christopher T. Godialis*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Christopher A. Alexy*, assistant state's attorney, for the appellee (respondent).

LANDAU, J. The petitioner appeals from the judgment of the habeas court denying his petition for certification following the dismissal of his petition for a writ of habeas corpus. All of the petitioner's claims are subsumed in his assertion that the habeas court failed to exercise its discretion properly.

The facts are not in dispute. On July 1, 1991, the petitioner was placed on supervised home release.[1] As a condition of his release, he was required to report to a parole officer twice a week. After reporting as required through August 6, 1991, the petitioner failed to appear at his next fourteen appointments and failed to notify his parole officer of his whereabouts. The parole officer made several unsuccessful attempts to locate the peti-

---

[1] On July 3, 1990, the petitioner was convicted of the last of several criminal charges and received a sentence of seven years and thirty days imprisonment.

tioner by telephone, mail, and field visits to his residence.[2]

The petitioner was arrested pursuant to an arrest warrant and was charged with escape in the first degree in violation of General Statutes § 53a-169 (a) (2).[3] A public defender was appointed to represent him. The petitioner pleaded guilty to escape in the first degree and accepted a plea agreement under which he was sentenced to one year imprisonment, execution suspended after six months. In his writ of habeas corpus, the petitioner claimed ineffective assistance of counsel.[4]

Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition

[2] On September 6, 1991, the petitioner's girlfriend and sponsor informed the parole officer that the petitioner had stolen her car three days earlier and had left town.

[3] General Statutes § 53a-169 (a) provides in pertinent part: "A person is guilty of escape in the first degree . . . (2) if he escapes from any . . . community residence to which he was transferred . . . ."

[4] The petitioner claimed that his public defender failed to inform him that pursuant to *State* v. *Lubus*, 216 Conn. 402, 581 A.2d 1045 (1990), he may have had a possible defense to the escape violation. *Lubus* held that a single failure to report to a parole supervisor was insufficient to prove the crime of escape. Id., 409. The trial court found, however, that counsel was well aware of *Lubus*, and that counsel's assessment that "*Lubus* afforded no benefit to the petitioner" under the facts of this case was justified.

Although in *State* v. *Jemison*, 35 Conn. App. 1, 9, 643 A.2d 1287 (1994), we held that multiple failures to report did constitute the crime of escape, our Supreme Court recently held that a defendant cannot be convicted of escape solely upon such failures to report. *State* v. *Woods*, 234 Conn. 301, 311, 662 A.2d 732 (1995). Such failures may, however, "be evidence that the defendant has left his designated place of confinement . . . ." which is necessary for there to be an escape within the meaning of § 53a-169 (a) (2). Id.

for certification constituted an abuse of discretion. Id. Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. Id.

To prove an abuse of discretion, the petitioner must demonstrate " 'that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.' " (Emphasis in original.) Id., 616, quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

Considering the record and legal principles before the habeas court, we are not persuaded that the petitioner has established a certifiable issue by the *Lozada* criteria. The court's decision to dismiss the petitioner's writ was based on a factual review of the petitioner's claim and a finding that "counsel's conduct f[ell] within the wide range of reasonable professional assistance . . . ." *Stafford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992). Because the habeas court had sufficient evidence before it to find as it did, we conclude that it did not abuse its discretion in denying the petition for certification to appeal.

The judgment is affirmed.

In this opinion the other judges concurred.