DESMOND WHYTE *v.* COMMISSIONER OF CORRECTION
(15282)

Spear, Hennessy and Stoughton, Js.

Argued March 5—officially released April 22, 1997

*Patrice A. Cohan* filed a brief for the appellant (petitioner).

*Mary H. Lesser*, assistant state's attorney, and *Jo Anne Sulik*, deputy assistant state's attorney, filed a brief for the appellee (respondent).

PER CURIAM. After a thorough review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal the dismissal of his habeas corpus petition was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 659 A.2d

195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The habeas court's dismissal of the petitioner's writ was predicated on a factual review of the petitioner's claim and a determination that the petitioner had failed to rebut the " 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance . . . .' " *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992). The habeas court found as a fact that the petitioner had asked trial counsel to abort the trial and to seek a plea agreement after the petitioner's alibi had been exposed as a fabrication. The habeas court also found that the petitioner was not credible in his assertion that had he pleaded guilty in the belief that the plea agreement precluded incarceration and the court properly found that the petitioner had suffered no prejudice from trial counsel's representation as to the guilty plea.

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.