## THOMAS MARRA *v.* COMMISSIONER OF CORRECTION
### (AC 17631)

O'Connell, C. J., and Foti and Hennessy, Js.

Argued October 27—officially released December 22, 1998

*Raymond J. Rigat,* special public defender, for the appellant (petitioner).

---

*Richard F. Jacobson,* supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner was convicted, after a jury trial, of one count each of the crimes of conspiracy to commit kidnapping, accessory to kidnapping in the first degree and arson in the second degree, and two counts each of the crimes of attempted kidnapping in the first degree and larceny in the second degree. The petitioner appealed from his conviction, and the Supreme Court affirmed the judgment of the trial court. *State* v. *Marra,* 215 Conn. 716, 579 A.2d 9 (1990). The petitioner thereafter filed a petition for a writ of habeas corpus which, after a hearing, was dismissed by the habeas court. The petitioner then filed a request for certification to appeal to this court, which was denied. This appeal followed.

On appeal, the petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal in that it improperly concluded that the petitioner was not denied the effective assistance of both trial and appellate counsel. The petitioner claims that his trial counsel rendered ineffective assistance by failing (1) to prepare the petitioner adequately to testify at trial, (2) to explain the meaning and consequences of giving up the right to remain silent at trial, (3) to conduct a proper investigation, (4) to subpoena certain psychiatric and psychological records of a witness, (5) to move for a mistrial or make an appropriate motion regarding unfair publicity, (6) to object to the presence of a juror who purportedly had a conflict of interest and (7) to disclose a conflict of interest that trial counsel had. The petitioner additionally claims that his appellate counsel was ineffective in failing to prepare the record on appeal to include certain psychiatric and psychological records of a witness, and in failing to brief and argue

a suppression issue dealing with statements made by the petitioner during a polygraph examination.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. Id. Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. Id.

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Id., 616, quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991)." (Emphasis in original; internal quotation marks omitted.) *Tatem* v. *Commissioner of Correction*, 39 Conn. App. 813, 815–16, 667 A.2d 1295 (1995), cert. denied, 236 Conn. 904, 670 A.2d 1305 (1996).

Our review of the record and briefs leads us to conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petitioner's petition for certification to appeal.

I

The petitioner first asserts that the habeas court improperly determined that he was not denied effective assistance of trial counsel. We disagree.

The petitioner's first claim of ineffective assistance of trial counsel is based on his attorney's purported failure to prepare him properly to testify at trial. The habeas court, in dealing with that claim, found credible trial counsel's testimony that he had represented the petitioner for a substantial period of time, and that the petitioner was not a novice to the criminal system. Additionally, the habeas court found that trial counsel had reviewed with the petitioner the information and issues that might come up during the course of the trial. On the basis of the "substantial amount of time that [the petitioner and his attorney] spent together in preparation for [the] trial," the habeas court determined that the petitioner was, in fact, adequately prepared to testify at trial.

The petitioner's second claim of ineffective assistance of trial counsel stems from his attorney's purported failure to explain properly the meaning and consequences of giving up the right to remain silent at trial. The habeas court found, however, that the petitioner and his counsel had spent substantial time and effort discussing the consequences of giving up the right to remain silent. The habeas court concluded that no probative evidence was submitted to demonstrate that the petitioner was unaware of either the meaning or the consequences of giving up his constitutional right to remain silent at trial.

In dealing with the third issue raised, the habeas court found no evidence that trial counsel failed to conduct a proper investigation. In fact, the habeas court found "quite the contrary" to be true. On this issue, the habeas court noted that there were "hours upon hours of meetings" and that trial counsel had reviewed information concerning the petitioner's case.

Additionally, as to trial counsel's purported failure to subpoena certain psychiatric and psychological

records of a witness, the habeas court found that there was no prejudice. The habeas court found that since the records were never presented to the trial court, and since that court had no opportunity to examine them, no significance could be attached to trial counsel's failure to obtain them. The habeas court, moreover, found no evidence that trial counsel could have obtained the records in the exercise of reasonable diligence.

With regard to the petitioner's unfair trial claim, the habeas court concluded that the petitioner had not received an unfair trial due to publicity, which occurred either before, or during, his trial. The habeas court found that the record was "essentially bereft of any evidence in support of that claim." The habeas court noted that while there may have been some "notoriety" with respect to the petitioner's case, it did not necessarily follow that the pretrial publicity was unfair "to the point of denying [the petitioner] a fair trial." Pretrial publicity, "even if pervasive and concentrated, cannot be regarded as leading *automatically* and in every kind of criminal case to an unfair trial." (Emphasis added.) *Nebraska Press Assn.* v. *Stuart*, 427 U.S. 539, 565, 96 S. Ct. 2791, 49 L. Ed. 2d 683 (1976); *State* v. *Figueroa*, 22 Conn. App. 73, 78, 576 A.2d 553, cert. denied. 215 Conn. 814, 576 A.2d 544 (1990).

Finally, as to a possible conflict of interest of a juror, or of trial counsel himself, the habeas court found that no probative evidence was presented to support either claim.

II

The petitioner next asserts that the habeas court improperly determined that he was not denied effective assistance of appellate counsel. We disagree.

In reviewing this claim, the habeas court found that no prejudice had been demonstrated by appellate counsel's purported failure to include in the appellate record psychiatric or psychological records.[1] The habeas court also concluded that appellate counsel's tactical decision not to include and brief a suppression issue, which he determined to be unworthy of inclusion, was not "outside the reasonable bounds of strategic decision-making which must be accorded both trial and appellate counsel."

After a review of the record and briefs, we conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal. The petitioner has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of the habeas court's discretion or that an injustice has been done.[2] See *Simms* v. *Warden*, supra, 230 Conn. 612; *Simms* v. *Warden*, supra, 229 Conn. 189; *Milardo* v. *Commissioner of Correction*, 41 Conn. App. 749, 677 A.2d 24, cert. denied, 239 Conn. 907, 682 A.2d 1004 (1996); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995).

The appeal is dismissed.

---

[1] See part I of this opinion.

[2] The petitioner also claimed before the habeas court that he was denied a fair trial by the state's attorney's deliberate withholding of exculpatory evidence. Our review of the record leads us to conclude, however, that the habeas court properly determined that the petitioner failed to show that the evidence was exculpatory or that the withholding of this evidence affected the fairness of petitioner's trial. See *State* v. *Esposito*, 235 Conn. 802, 819–20, 670 A.2d 301 (1996) (noting that " 'the Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense' ").