DESMOND WHYTE *v.* COMMISSIONER OF
CORRECTION
(AC 17497)

Foti, Landau and Healey, Js.

Argued February 22—officially released June 8, 1999

*David B. Rozwaski*, special public defender, for the appellant (petitioner).

*Eileen McCarthy Geel*, deputy assistant state's attorney, with whom, on the brief, were *Walter Flanagan*, state's attorney, and *Jo Anne Sulik*, assistant state's attorney, for the appellee (respondent).

*Opinion*

HEALEY, J. The petitioner appeals from the judgment of the second habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the second habeas court improperly (1) denied his petition for certification to appeal and (2) denied his petition for a writ of habeas corpus. We affirm the judgment of the second habeas court.

The second habeas court's memorandum of decision and the record disclose the following facts and procedural history. The petitioner was arrested in a Bridgeport drug sweep with five other individuals on September 6, 1990, for possession of marijuana and

cocaine in violation of General Statutes § 21a-277 (a).[1] The petitioner, as well as two other individuals, David Rochester and Verly Gordon, also arrested in the sweep, hired attorney William Browne to represent them. After the petitioner's trial began, the petitioner changed his plea to guilty when the state investigated his alibi defense and discovered that it was fabricated. On September 3, 1991, the petitioner was sentenced to twelve years in prison.[2] The trial court denied Browne's petition for a new trial. In a direct appeal brought by attorney Earl Williams, this court affirmed the petitioner's conviction. See *State* v. *Whyte*, 31 Conn. App. 904, 623 A.2d 1074 (1993).

On November 30, 1994, the petitioner filed a revised amended petition (first petition) for a writ of habeas corpus, claiming, inter alia, that his confinement was unlawful because Browne had rendered ineffective assistance at the petitioner's criminal trial. The first habeas court, *Sferrazza, J.*, denied the first petition by way of a decision dated July 24, 1995. The petitioner

[1] General Statutes § 21a-277 (a) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned; and for a second offense shall be imprisoned not more than thirty years and may be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned."

[2] Rochester and Gordon also pleaded guilty while represented by Browne. The transcript from the petitioner's trial and sentencing was an exhibit at his first habeas trial. Contrary to his representations at the second habeas hearing that he was the first to plead guilty and to be sentenced, the transcript from the sentencing hearing showed that, in asking for leniency, the petitioner informed the court that Rochester and Gordon had already received suspended sentences.

then appealed from the decision of the first habeas court, and this court dismissed his appeal in a per curiam decision. *Whyte* v. *Commissioner of Correction*, 44 Conn. App. 815, 690 A.2d 1391 (1997).

On January 13, 1997, the petitioner filed a revised amended second petition (second petition) for a writ of habeas corpus that alleged that his confinement was illegal because he had been denied effective assistance of counsel[3] at his criminal trial because, inter alia, Browne had represented the petitioner and the two codefendants, Gordon and Rochester, in the same criminal matter at the same time, and also because he had been denied effective assistance of counsel in his first habeas petition by attorney Ronald K. Bellenot.[4] After a trial on the petitioner's claims was held on February 18 and 25, 1997, the second habeas court, *Grogins, J.*, denied the petitioner's second petition by its July 7, 1997 memorandum of decision. The second habeas court found that the petitioner had failed to produce evidence of an actual conflict of interest as to his claim of ineffective assistance of trial counsel and also as to his claim of ineffective assistance of his first habeas counsel. On July 11, 1997, the court, *Grogins, J.*, denied the petitioner's petition for certification to appeal, giving rise to this appeal.

The petitioner claims that the second habeas court improperly denied his petition for certification to appeal. Specifically, the petitioner claims that the second habeas court abused its discretion in denying certification because the petitioner presented issues that

[3] The first count of the second habeas petition alleges that the petitioner's trial counsel was ineffective as counsel with respect to five specific issues. He argues on appeal that "all of [the five specific issues] had the shared element of trial counsel's conflict of interest in representing [the petitioner] and his codefendants at the same time."

[4] The petitioner claims that Bellenot, in the first habeas proceeding, rendered ineffective assistance of counsel in that, inter alia, he failed to raise the issue of multiple representation by Browne. We need not discuss that

are debatable among jurists of reason, that a court could resolve the issues in a different manner and that the issues warrant further consideration. This claim lacks merit.

" 'Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. Id. Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. Id.' " *Petaway* v. *Commissioner of Correction*, 49 Conn. App. 75, 77, 712 A.2d 992 (1998).

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . [*Simms* v. *Warden*, supra, 230 Conn. 616], quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). . . . *Tatem* v. *Commissioner of Correction*, 39 Conn. App. 813, 816, 667 A.2d 1295 (1995), cert. denied, 236 Conn. 904, 670 A.2d 1305 (1996)." (Internal quotation marks omitted.) *Reddick* v. *Commissioner of Correction*, 51 Conn. App. 474, 477, 722 A.2d 286 (1999). In addition, we have stated that "[a]s our courts have applied *Lozada* v. *Deeds*, supra,

claim because our resolution of the petitioner's claim of actual conflict of interest is dispositive and is included in our analysis of that issue.

498 U.S. 430,[5] the mere allegation of a violation of a constitutional right is insufficient to meet the initial hurdle of proving an abuse of discretion when the habeas corpus court has denied certification to appeal." *Petaway* v. *Commissioner of Correction*, supra, 49 Conn. App. 77–78.

Initially, we observe that the second habeas court reviewed at some length what occurred in the first habeas trial before Judge Sferrazza. Judge Sferrazza held that the petitioner's guilty plea at trial waived any ineffective assistance claim as to Browne's representation during preparation for or during the petitioner's criminal trial[6] and this was agreed to by both counsel at the first habeas trial. The second habeas court, therefore, properly did not address those issues. It also pointed out that the first habeas court had analyzed the petitioner's claim that Browne had provided ineffective assistance with reference to the petitioner's decision to change his plea to guilty. In doing so, the first habeas court found that the petitioner had failed to prove the prejudice component of the two-pronged *Strickland*[7] test as interpreted by our Supreme Court. See *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 151, 662

[5] In *Simms* v. *Warden*, supra, 230 Conn. 615–16, our Supreme Court incorporated the *Lozada* criteria under which it became incumbent on a petitioner from the denial of the certification of the habeas corpus petition to make a "substantial showing" that he was denied a federal constitutional right. Such a showing means that he "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the issues are adequate to deserve encouragement to proceed further." *Lozada* v. *Deeds*, supra, 498 U.S. 432, quoting *Barefoot* v. *Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).

[6] As a result, the first habeas court did not address the petitioner's allegations of Browne's performance concerning his failure to make a motion for judgment of acquittal, his improper preparation for trial, his inadequate response to the state's withdrawal of the marijuana charge and his failure to address certain suppression issues.

[7] *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

A.2d 718 (1995). The first habeas court also rejected the petitioner's ineffective assistance claim made against Browne with reference to his failure to object to the state's recommendation for the maximum prison sentence, specifically finding that the petitioner had not sustained his burden of proving that but for Browne's allegedly substandard performance there was a reasonable probability that he would have received a lighter sentence.[8] This court dismissed the petitioner's appeal. *Whyte* v. *Commissioner of Correction*, supra, 44 Conn. App. 815.[9]

In the second habeas proceeding, the respondent, invoking Practice Book § 529H (3), now § 23-29 (3), argued that the court should dismiss the allegations of the petition made against Browne. Section 23-29 provides in relevant part that the court may, either upon motion or sua sponte, "dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . ." The trial court not only acknowledged the necessity of deciding the applicability of this rule, but also cited a number of cases to underline its comment that "there may be some question as to whether conflict of interest is the same ground as ineffective assistance of counsel."[10] In this context, the trial court

[8] The first habeas court also found that the petitioner's claim that by changing his plea to guilty he would receive no jail time to be "utterly unworthy of belief."

[9] Among the other claims rejected by Judge Sferrazza were that if the petitioner's trial had gone to verdict, he then would have been acquitted or received a more favorable sentence and that Williams, his appellate counsel, rendered ineffective assistance by declining to raise issues of Browne's ineffective trial representation on the direct appeal.

[10] See, e.g., *State* v. *Webb*, 238 Conn. 389, 413–15, 680 A.2d 147 (1996); *Phillips* v. *Warden*, 220 Conn. 112, 134, 595 A.2d 1356 (1991); *State* v. *Phidd*, 42 Conn. App. 17, 34, 681 A.2d 310, cert. denied, 238 Conn. 907, 679 A.2d 2 (1996), cert. denied, 520 U.S. 1108, 117 S. Ct. 1115, 137 L. Ed. 2d 315 (1997).

quoted *Negron* v. *Warden*, 180 Conn. 153, 165, 429 A.2d 841 (1980), where our Supreme Court followed the United States Supreme Court decision in *Sanders* v. *United States*, 373 U.S. 1, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963). The *Sanders* court stated: "Should doubts arise in particular cases as to whether two grounds [of successive habeas corpus petitions] are different or the same, they should be resolved in favor of the applicant."[11] Id., 16; *Tirado* v. *Commissioner of Correction*, 24 Conn. App. 152, 158, 586 A.2d 625 (1991). Furthermore, as the second habeas court recognized, a "second habeas petition [can be] inextricably interwoven with the merits of the original judgment by challenging the very fabric of the conviction that led to the confinement." *Lozada* v. *Warden*, 223 Conn. 834, 843, 613 A.2d 818 (1992).

The second habeas court addressed the respondent's motion to dismiss the first count of the petition directed to Browne's ineffective assistance, which was intermixed with his conflict of interest claim against Browne. We conclude that the second habeas court properly resolved the motion to dismiss against the petitioner.

"Our Supreme Court has established the proof requirements where a habeas corpus petitioner claims ineffective assistance of counsel because of a claimed conflict of interest. Where, however, the defendant claims that his counsel was burdened by an actual conflict of interest . . . the defendant need not establish

---

[11] It is apparent from the structure of the memorandum of decision of the second habeas court that it followed the reasoning of *Negron* v. *Warden*, supra, 180 Conn. 165, and afforded the petitioner the benefit of the doubt. In so doing, it held an evidentiary hearing and reviewed and fully analyzed his claim of ineffective assistance, as well as his conflict of interest claim. While its close examination of these two issues does not alter our analysis, it does allow us fairly to decide the petitioner's appeal as to the propriety of the second habeas court's denial of certification and, specifically, as to abuse of discretion.

actual prejudice. . . . Where there is an actual conflict of interest, prejudice is presumed because counsel [has] breach[ed] the duty of loyalty, perhaps the most basic of counsel's duties. Moreover, it is difficult to measure the precise effect on the defense of representation corrupted by conflicting interests. . . . In a case of a claimed conflict of interest, therefore, in order to establish a violation of the sixth amendment the defendant has a two-pronged task. He must establish (1) that counsel actively represented conflicting interests and (2) that an actual conflict of interest adversely affected his lawyer's performance. . . . *Phillips* v. *Warden*, 220 Conn. 112, 132–33, 595 A.2d 1356 (1991).

"On appellate review, the historical facts found by the habeas court may not be disturbed unless they were clearly erroneous . . . . Id., 131. When, as in this case, those facts are essential to a determination of whether the petitioner's sixth amendment rights have been violated, we are presented with a mixed question of law and fact requiring plenary review. See id.; *McIver* v. *Warden*, 28 Conn. App. 195, 203, 612 A.2d 103, cert. denied, 224 Conn. 906, 615 A.2d 1048 (1992). . . . *Blakeney* v. *Commissioner of Correction*, 47 Conn. App. 568, 583–84, 706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998)." (Internal quotation marks omitted.) *Mercer* v. *Commissioner of Correction*, 51 Conn. App. 638, 643–44, 724 A.2d 1130, cert. denied, 248 Conn. 907, 731 A.2d 309 (1999).

"Because there are often many potential conflicts between private counsel in multi-defendant trials, '[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.' *Cuyler* v. *Sullivan*, 446 U.S. 335, 348, 100 S. Ct. 1708, 1718, 64 L. Ed. 2d 333 (1980). An actual conflict of interest occurs if 'the defendants' interests diverge with respect to a material factual or legal issue or to a course of action such that

the attorney finds himself in the untenable position of serving two clients with incompatible needs.' *United States* v. *Pungitore*, 910 F.2d [1084, 1141 (3d Cir. 1990) (citing *United States* v. *Gambino*, 864 F.2d 1064, 1070 (3d Cir. 1988), cert. denied, 492 U.S. 906, 109 S. Ct. 3215, 106 L. Ed. 2d 566 (1989)) [cert. denied sub nom. *Scarfo* v. *United States*, 500 U.S. 915, 111 S. Ct. 2009, 114 L. Ed. 2d 98 (1991)]." *United States* v. *Pungitore*, 965 F. Sup. 666, 679 (E.D. Pa. 1997).[12]

In the present matter, the petitioner alleges that he was "entitled to the 'undivided loyalty' of the attorney, particularly in that the attorney must be able to exercise independent professional judgment on behalf of the client." The petitioner properly argues that "Connecticut has recognized this principle in noting that a client is entitled to the 'undivided loyalty of the one upon whom he looks as his advocate and his champion.' " *Dukes* v. *Warden*, 161 Conn. 337, 345–46 [288 A.2d 58 (1971), aff'd, 406 U.S. 250, 92 S. Ct. 1551, 32 L. Ed. 2d 45] (1972). In the petitioner's brief, he apparently argues that because trial counsel failed to withdraw from representing the petitioner because of the multiple representation, trial counsel breached the duty of loyalty and independent professional judgment to which the petitioner was entitled.[13] Furthermore, the petitioner argues that the habeas court improperly denied him the opportunity to put on testimony from the codefendants on the issue of the original trial counsel's multiple representation.

[12] Our Supreme Court has defined conflict of interest as when "one defendant stands to gain significantly by counsel adducing probative evidence in or advancing plausible arguments that are damaging to the cause of a codefendant whom counsel is also representing." (Internal quotation marks omitted.) *Festo* v. *Luckart*, 191 Conn. 622, 631, 469 A.2d 1181 (1983).

[13] The petitioner's brief stated: "In the case at hand trial counsel's withdrawal from representing the petitioner/appellant breached the duty of loyalty and independent decision making that the petitioner was entitled to have in his representation." We note, however, that trial counsel did not withdraw from representing the petitioner and that the petitioner most likely meant to refer to trial counsel's "failure" to withdraw.

The record reveals, however, that the petitioner knew that the two codefendants were also represented by Browne and that he did not request counsel to withdraw from representation in view of the multiple representation. Furthermore, the record reveals that contrary to what the petitioner represented to the second habeas court, his plea of guilty did not result in the codefendants' receiving lesser sentences.[14] The record does not reveal the contents of the petitioner's presentence investigation report or whether the codefendants initially presented false alibi defenses as the petitioner did.

The question addressed by the second habeas court, and the issue this court finds dispositive, is whether an actual conflict of interest existed. The petitioner represented to the second habeas court that his codefendants were prepared to testify that the petitioner was not involved in the drug operation. The petitioner admitted on cross-examination that neither codefendant had implicated him in his statement to the police or in his testimony. The petitioner also argued to the court that Gordon testified for the sole purpose of rebutting Bellenot's testimony. In doing so, the petitioner argued that if the matter went to trial, both codefendants would testify on the petitioner's behalf as alibi witnesses. Even if this court was inclined to accept the petitioner's claims as to what the codefendants would testify if the case went to trial, the petitioner cannot show that Browne represented conflicting interests between the three defendants or adduced evidence or advanced arguments on behalf of either of the two codefendants that injured the petitioner's interests.

---

[14] The petitioner contends in his brief that "his codefendants received better plea bargains *subsequent* to his having pleaded guilty." (Emphasis added.) The petitioner erroneously claims that by his pleading guilty first as directed by trial counsel there was a conflicting interest as to the codefendants because trial counsel could use that guilty plea in the codefendants' favor. The petitioner, however, was not the first to enter a guilty plea. See footnote 2.

Since both codefendants would testify, according to the petitioner, that the petitioner was with them and not involved with the ongoing drug operation, none of the defendants nor their attorney was in a situation where he would have had to choose between self-incrimination and testifying in favor of a codefendants' innocence.

We have had occasion to "point out the caution from the United States Supreme Court that the *possibility* of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance. . . . *Cuyler* v. *Sullivan*, [supra, 446 U.S. 350]. To demonstrate an actual conflict of interest, the petitioner must be able to point to *specific instances* in the record which suggest an impairment or compromise of his interests for the benefit of another party. . . . *Danner* v. *United States*, 820 F.2d 1166, 1169 (11th Cir. 1987), cert. denied, 484 U.S. 1012, 108 S. Ct. 713, 98 L. Ed. 2d 663 (1988). *Blakeney* v. *Commissioner of Correction*, supra, 47 Conn. App. 584–85." (Emphasis in original; internal quotation marks omitted.) *Mercer* v. *Commissioner of Correction*, supra, 51 Conn. App. 645.

The petitioner has not demonstrated an abuse of discretion on his claimed sixth amendment violation predicated on an actual conflict of interest. As we have pointed out, the second habeas court, following *Negron* v. *Warden*, supra, 180 Conn. 165–66, accorded the petitioner the benefit of the doubt and analyzed his ineffective assistance of counsel claim in the context of the alleged actual conflict of interest argument of the petitioner. The petitioner has not demonstrated that an actual conflict of interest constitutionally impaired him so as to persuade us that the second habeas court improperly resolved this claim. Browne not only did not represent conflicting interests, but there was no

showing of an actual conflict of interest adversely affecting Browne's performance. See *Phillips* v. *Warden*, supra, 220 Conn. 133. The mere allegation of ineffective assistance of counsel because of multiple representation is not sufficient to establish an abuse of discretion where, as here, the petitioner must show actual conflict. There is a significant distinction between alleging and proving an abuse of discretion. "As our courts have applied *Lozada* v. *Deeds*, supra, 498 U.S. 430, the mere allegation of a violation of a constitutional right is insufficient to meet the initial hurdle of proving an abuse of discretion when the habeas court has denied certification to appeal." *Petaway* v. *Commissioner of Correction*, supra, 49 Conn. App. 77–78.

The appeal is dismissed.

In this opinion the other judges concurred.