[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15927
This matter comes to the court as a petition of Habeas Corpus. The petitioner claims that he was denied effective assistance of counsel by the "second habeas counsel", in that the second habeas counsel failed to present the testimony of trial counsel regarding the trial counsel's actions, and inactions, regarding the petitioner's claim of conflict of interest resulting from trial counsel's representation of the petitioner and two co-defendants. The petitioner also alleges, in this his amended petition of July 2, 1999, that said second habeas counsel failed to allow vital and relevant witnesses to testify regarding trial counsel's conflict of interest due to multiple representation.
The petitioner listed, in his response to motion for discovery, that he intended to call as witnesses for this proceeding, nine persons. Included amongst those persons were Attorney Hutchinson, second habeas counsel; Verly Gordon and David Rochester, the two co-defendants represented by Attorney William Brown during the trial stage; the petitioner Mr. Whyte himself and Attorney William Brown. Of those listed, Attorney Hutchinson, Petitioner Whyte, Mr. Rochester and Attorney Brown testified before this court.
The second habeas petition was decided by Judge Groggins on July 7, 1997. Judge Groggins determined that even though Attorney Brown represented the three arrested persons, Whyte, Rochester and Gordon, yet there was no demonstration of an actual conflict of interest. The Appellate Court, on June 9, 1999 affirmed the habeas court, concluding that "the petitioner has not demonstrated an abuse of discretion in his claimed sixth amendment violation predicated on an actual conflict of interest." Whyte v. Commissioner of Correction,53 Conn. App. 678, 689 (1999).
As aforesaid, the petitioner brings this petition, claiming, in essence, that if Attorney Hutchinson had called and if necessary compelled witnesses to testify at the second habeas petition trial these witnesses would have testified to facts which would result in a conclusion that Attorney Brown had engaged in an actual conflict of interest.
The court notes that the petitioner claims, in paragraph 17g of the amended petition, that second habeas counsel failed to CT Page 15928 pursue a claim of actual innocence as a basis for the petitioner's petition. The court finds that the petitioner has presented no evidence, nor does he argue in the brief, that a claim of actual innocence is legally supportable.
 I
The petitioner called four witnesses. Attorney Hutchinson testified that Attorney Brown was not called at the second habeas trial because he was not willing to testify that he made a better deal for Rochester and/or Gordon then for Whyte at the expense ofWhyte. Further, that she was told by Whyte that Rochester and Gordon were going to testify for Whyte, claiming that none of them were involved in drug activity. Neither of these men were in any fashion going to testify for the state against Whyte at Whyte's trial. All that Rochester and Gordon could testify as to sentencing is that they got a good deal, a suspended sentence. The court credits the entirety of Attorney Hutchinson's testimony and finds the facts to be in accordance with this testimony.
Mr. Rochester testified at this hearing. He stated that he was present at Mr. Whyte' s trial and apparently would have testified on Whyte's behalf. He would not have and did not testify for the state. Mr. Rochester could add nothing as concerns a conflict of interest. All he knew and was concerned with is that he was told by Attorney Brown that if he pleaded he would receive probation and would have to serve no time. The court credits, and finds as fact, this testimony of Mr. Rochester.
Attorney William Brown testified. He has been an attorney for forty-two years and has a substantial criminal defense background. He recalls that he had worked out a suspended sentence for Mr. Whyte but Mr. Whyte wished to have a trial, feeling that he would not be found guilty. The suspended sentence with no jail time is precisely the same "no incarceration" disposition as was worked out for the other six defendants.
During Mr. Whyte's trial a witness appeared on his behalf, claiming that Mr. Whyte was at work with the witness that day, and that they had cashed their pay checks on the way home, thus accounting for the money that Mr. Whyte had in his possession when arrested. The state, upon further investigation, was able to demonstrate that this alibi defense was fabricated. See Attorney Brown's testimony and Whyte v. Commissioner of Correction, CT Page 1592953 Conn. App. 678, 680 (1999). The state would not thereafter bargain. Mr. Whyte pleaded guilty and was sentenced to 12 years, three years short of the 15 year maximum.
"To demonstrate an actual conflict of interest the petitioner must be able to point to specific instances in the record which suggest impairment or compromise of his interests for the benefit of another party." Whyte v. Commissioner of Correction,53 Conn. App. 678, 689. "We defined a conflict of interest as when one defendant stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a co-defendant whom counsel is also representing." Festo v. Luckhart, 191 Conn. 622, 631 (1983). Mr. Gordon pleaded and was sentenced on August 1, 1991, after Mr. Whyte pleaded on July 21, 1991. Mr. Rochester pleaded and was sentenced on September 19, 1991 subsequent to the sentencing of Mr. Whyte on September 3, 1991. It appears that the petitioner wishes the court to conclude that the pleas and lesser sentencing of Mr. Rochester and Mr. Gordon were in some fashion precipitated by the more severe sentencing of Mr. Whyte. There is nothing in the record to support that contention. Quite to the contrary. Mr. Gordon was not presented as having a criminal record before the sentencing judge, Bingham, J. Mr. Rochester was not presented as having a criminal record before the sentencing judge, Hauser, J. Conversely, Mr. Whyte' s pre-sentence information revealed that he had three previous convictions, and had received the benefit of probation on these three separate occasions, as related by the sentencing judge, Riddle, J. The disparate treatment as between Mr. Whyte and the other accused was clearly justified.
To prove ineffective assistance of counsel the petitioner must prove (1) that his counsel's performance was deficient and (2) that such deficient performance resulted in prejudice.Strickland v. Washington, 466 U.S. 668 (1984); Jackson v.Commissioner, 227 Conn. 124, 137, (1993). As to the performance of the second habeas counsel, Attorney Hutchinson, the defendant has proven neither of the two prongs of this test.
"Judicial scrutiny of counsel's performance must be highly deferential and courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." CT Page 15930
 Fair v. Warden 211 Conn. 398, 403, 404 (1989).
The court finds that the failure to call as witnesses the persons listed in the petition did not constitute ineffective assistance of counsel.
In the instant case, to have called either Attorney Brown or Mr. Rochester at the second habeas hearing would have been counter productive and would have merely emphasized that there was no actual conflict of interest, which would have been of no help in attempting to argue that multiple representation is a per se conflict of interest.
The court determines that the representation of the petitioner by the second habeas attorney did not constitute ineffective assistance of counsel. Consequently the habeas petition is dismissed.
L. Paul Sullivan, J.