WILLIAM PETAWAY *v.* COMMISSIONER OF CORRECTION
(AC 16990)

O'Connell, C. J., and Landau and Hennessy, Js.

Submitted on briefs March 2—officially released June 16, 1998

*Michael L. Moscowitz*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, and *Ellen Jawitz* and *Christopher Alexy*, assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

HENNESSY, J. The petitioner, William Petaway, appeals from the denial of certification to appeal and the dismissal of his writ of habeas corpus. We affirm the habeas court's denial of certification to appeal.

On July 30, 1992, the petitioner entered nolo contendere pleas with respect to charges arising from three separate shooting incidents.[1] The trial court sentenced him to a total effective sentence of twenty-five years imprisonment, execution suspended after sixteen years, followed by three years probation. On October 17, 1996, the petitioner filed a writ of habeas corpus alleging ineffective assistance of counsel.

Specifically, the petitioner's writ alleged that his counsel was ineffective because he failed (1) to suppress a photographic array identification of the petitioner and (2) to advise the petitioner adequately with respect to the nolo contendere pleas that were entered. An evidentiary hearing was held on January 14, 1997, before the habeas court, *Bishop, J.*, at which time the court dismissed the petition due to the petitioner's failure to meet his burden of proving prejudice, as required by *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).[2] Thereafter, the petitioner filed for certification to appeal the dismissal, which was denied on February 25, 1997.

---

[1] The petitioner pleaded nolo contendere to assault in the first degree in violation of General Statutes §§ 53a-8 and 53a-59 (a) (3), in connection with the November 12, 1991 shooting of Steven LeClaire. He also pleaded nolo contendere to two charges of attempt to commit assault in the first degree in violation of General Statutes §§ 53a-8 and 53a-59 (a) (1), in connection with the November 18, 1991 shootings of Travis Pittman and Jeffrey Walker.

[2] The petitioner raised a pure ineffective assistance of counsel claim. To succeed, he must prove "(1) that his counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law; and (2) that this lack of competence contributed so significantly to his conviction as to have deprived him of a fair trial. *Valeriano* v. *Bronson*, 209 Conn. 75, 85–86, 546 A.2d 1380 (1988); see also *Strickland* v. *Washington*, [supra, 466 U.S. 687]. A reviewing court can find against the petitioner on whichever ground is easier. *Valeriano* v. *Bronson*, supra [85–86]; *Nardini* v. *Manson*, 207 Conn. 118, 124, 540 A.2d 69 (1988). . . . *Magnotti* v. *Meachum*, 22 Conn. App. 669, 674, 579 A.2d 553 (1990)." (Internal quotation marks omitted.) *Beasley* v. *Commissioner of Correction*, 47 Conn. App. 253, 261–62, 704 A.2d 807 (1997), cert. denied, 243 Conn. 967, 707 A.2d 1268 (1998).

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. Id. Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. Id.

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Id., 616, quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). . . . *Tatem* v. *Commissioner of Correction*, 39 Conn. App. 813, 815–16, 667 A.2d 1295 (1995), cert. denied, 236 Conn. 904, 670 A.2d 1305 (1996)." (Internal quotation marks omitted.) *Larkin* v. *Commissioner of Correction*, 45 Conn. App. 809, 811, 699 A.2d 207 (1997).

We decline to reach the habeas court's resolution of the petitioner's ineffective assistance of counsel claim because we conclude that he has failed to prove that the habeas court abused its discretion. The petitioner incorrectly argues that the mere claim of ineffective assistance of counsel is sufficient to establish an abuse of discretion. He ignores the distinction between an allegation of an abuse of discretion and proving an abuse of discretion. As our courts have applied *Lozada* v. *Deeds*, supra, 498 U.S. 430, the mere allegation of a violation of a constitutional right is insufficient to meet

the initial hurdle of proving an abuse of discretion when the habeas court has denied certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.