MICHAEL REDDICK v. COMMISSIONER OF
CORRECTION
(AC 16507)

O'Connell, C. J., and Hennessy and Stoughton, Js.

Argued November 6, 1998—officially released January 5, 1999

*William A. Snider,* for the appellant (petitioner).

*Margaret Gaffney Radionovas,* assistant state's attorney, with whom, on the brief, was *Mary M. Galvin,* state's attorney, for the appellee (respondent).

*Opinion*

STOUGHTON, J. The petitioner, Michael Reddick, appeals from the denial of certification to appeal and from the dismissal of his petition for a writ of habeas corpus. We affirm the habeas court's denial of the petition for certification to appeal and dismiss the petitioner's appeal.

On February 28, 1991, the petitioner was convicted, after a jury trial, of robbery in the second degree in violation of General Statutes § 53a-135. The petitioner also entered a plea of nolo contendere to a charge of being a persistent dangerous felony offender pursuant to General Statutes § 53a-40. The trial court sentenced the petitioner to imprisonment for a term of twenty-five years. The petitioner's convictions were subsequently affirmed. *State* v. *Reddick,* 224 Conn. 445, 619 A.2d 453

(1993). The petitioner filed a petition for a writ of habeas corpus on May 20, 1991. The matter proceeded to a hearing on April 16, 1996. During and at the close of the hearing, the petitioner requested, and received, permission to amend his petition to conform to the proof presented at the hearing. The amended petition was filed on April 30, 1996, alleging ineffective assistance of counsel.

Specifically, the petitioner alleged that his counsel was ineffective because he improperly (1) advised the petitioner and permitted a plea to enter on the persistent dangerous felony charge, (2) failed to lessen the suggestiveness and defend against an in-court identification, (3) failed to conduct, prepare or utilize a pretrial investigation, (4) failed to bring forth testimony and to object to the inculpatory evidence of fingerprints, hair samples and dye and (5) failed to be prepared for trial. The habeas court dismissed the petition. On February 27, 1996, the petitioner's application for certification to appeal the dismissal was denied. This appeal followed, seeking review of the merits of the habeas court's decision.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. Id. Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. Id." (Internal quotation marks omitted.) *Petaway* v. *Commissioner of Correction*, 49 Conn. App. 75, 77, 712 A.2d 992 (1998).

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . [*Simms* v. *Warden,* supra, 230 Conn. 616], quoting *Lozada* v. *Deeds,* 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991)." (Internal quotation marks omitted.) *Tatem* v. *Commissioner of Correction,* 39 Conn. App. 813, 816, 667 A.2d 1295 (1995), cert. denied, 236 Conn. 904, 670 A.2d 1305 (1996).

In *Petaway,* we declined to reach the habeas court's resolution of the petitioner's ineffective assistance of counsel claim because we concluded that the petitioner had failed to establish that the habeas court abused its discretion. *Petaway* v. *Commissioner of Correction,* supra, 49 Conn. App. 77. Furthermore, we reiterated that "[a]s our courts have applied *Lozada* v. *Deeds,* supra, 498 U.S. 430, the mere allegation of a violation of a constitutional right is insufficient to meet the initial hurdle of proving an abuse of discretion when the habeas court has denied certification to appeal." Id., 77–78.

In the present case, the petitioner did not brief these threshold issues and, as did the petitioner in *Petaway,* merely claims ineffective assistance of counsel. The petitioner has failed to establish that the habeas court abused its discretion and cannot, therefore, properly obtain appellate review of the habeas court's decision. Were we to find that the petitioner's appeal was properly before us, however, and to reach the merits, our decision to affirm the denial of certification to appeal would stand.

The standard to be applied by habeas courts in determining whether an attorney effectively represented a criminal defendant is set out in *Strickland* v.

*Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Mercer* v. *Commissioner of Correction,* 49 Conn. App. 819, 827, 717 A.2d 763, cert. denied, 247 Conn. 920, 722 A.2d 810 (1998). Under this standard, which was applied in the present case by the habeas court, a constitutional claim of ineffective assistance of counsel will succeed if the petitioner demonstrates both deficient performance and actual prejudice. *Strickland* v. *Washington,* supra, 687–88; *Mercer* v. *Commissioner of Correction,* supra, 827. Thus, he must establish that the attorney's performance was so deficient as to be unreasonable under prevailing professional norms, and that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* v. *Washington,* supra, 694.

After reviewing the record, we conclude that the habeas court had before it sufficient evidence to find as it did that the petitioner failed to establish that his counsel's performance was deficient and that he was actually prejudiced by his counsel's deficient performance. We also conclude that the habeas court did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.