[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner alleges in his Amended Complaint filed August 20, 1999, that his trial attorney, Leon Kaatz, was ineffective in his representation in two criminal cases. Count One of the petition pertains to CR12-116413 and alleges that counsel was ineffective because he failed to: conduct an adequate investigation into the facts and witnesses for the State; challenge the legality of the search of the petitioner's apartment; use and lost photographs that showed other people had access to the petitioner's apartment; establish that an investigator requested the petitioner to sign affidavits against people who removed items from the apartment; challenge the statement made to the police; allow the petitioner to testify in his own defense; object to the Court's charge to the jury; and file an appeal as requested by the petitioner. Am. Pet., at 1-3.
Count Two arises out of CR12-115291. In this count, the petitioner claims that Attorney Kaatz rendered ineffective assistance of counsel because he failed to: conduct an adequate investigation into the facts and witnesses for the State; challenge the chain of custody of the evidence (jewelry); properly challenge the legality of the arrest search CT Page 16245 of the apartment; present witness testimony in support of the defense; allow the petitioner to testify in his own defense; file any requests to charge the jury; and challenge the petitioner's statement to the police.Id., at 5-7.
The petitioner is in the custody of the Commissioner of Correction as a result of convictions and sentences imposed following two separate jury trials in CR12-116413 and CR12-115291. The petitioner alleges that his incarceration is illegal because his conviction in both cases was obtained in violation of his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article First, Section Eight, of the Connecticut Constitution. Id., at 4 and 7. After a trial during which this Court heard testimony from only the petitioner and Attorney Kaatz, this Court finds that the petitioner was denied his right to appeal in CR12-116413. Thus, the Court restores the petitioner's right to appeal the convictions in CR12-116413. All other claims in both counts regarding ineffective assistance of counsel, however, are found to have no merit.
 INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD
"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of the conviction has two components. First, the petitioner must show that counsel's performance was deficient. Second, the petitioner must show that the deficient performance prejudiced the defense. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. Stricklandv. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984); Aillon v.Meachum, 211 Conn. 352, 357, 559 A.2d 206 (1989); Fair v. Warden,211 Conn. 398, 402, 559 A.2d 1094, cert. denied, 493 U.S. 981,110 S.Ct. 512, 107 L.Ed.2d 514 (1989)." Henry v. Commissioner of Correction,60 Conn. App. 313, 316-7, 759 A.2d 118 (2000).
"The first component, generally referred to as the performance prong, requires that the petitioner show that counsel's representation fell below an objective standard of reasonableness. In Strickland, the United States Supreme Court held that judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a petitioner to second guess counsel's assistance after a conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense, after it has proven unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of an attorney's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances to CT Page 16246 counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable and professional judgment.
"Even if a petitioner shows that counsel's performance was deficient, the second prong, or prejudice prong, requires that the petitioner show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Internal citations and quotations omitted.) Id., 317-8. Also see Commissioner of Correction v. Rodriguez,222 Conn. 469, 477, 610 A.2d 631 (1992).
"A reviewing court can find against the petitioner on whichever [Strickland prong] is easier. Valeriano v. Bronson, 209 Conn. 75, 85-6,546 A.2d 1380 (1988); Nardini v. Manson, 207 Conn. 118, 124, 540 A.2d 69
(1988); Magnotti v. Meachum, 22 Conn. App. 669, 674, 579 A.2d 553
(1990); Beasley v. Commissioner of Correction, [supra, 47 Conn. App. 264]."Petaway v. Commissioner of Correction, 49 Conn. App. 75, 76 n. 2,712 A.2d 992 (1998).
 I
Although the petitioner raises various claims of ineffective assistance of counsel in Count One, he claims that his confinement is illegal because his right to an appeal was denied through counsel's alleged acts and omissions. Am. Pet., at 4. The petitioner also claims that "it is reasonably probable that but for counsel's acts and Omissions the Petitioner would have had an appeal of his convictions." Id. In effect, the petitioner is claiming that counsel's ineffectiveness resulted in a loss of appealable issues and that counsel failed to file an appeal as requested by the petitioner. This Court concludes that the petitioner is seeking in Count One a restoration of his right to appeal and addresses whether counsel was ineffective for not filing an appeal as requested by the petitioner.
The petitioner testified that he communicated his desire to appeal to his attorney, but that Attorney Kaatz informed him "there was nothing to appeal; that he would not appeal it; that he had another case to do." Tr. (June 28, 2001), at 25-6. Attorney Kaatz admitted that Mr. Raymond made CT Page 16247 it clear to him that he wanted to file an appeal in the first case, but that "had he insisted on the appeal . . ., [he] would have ended up doing an Anders brief." id., at 75.[1] Attorney Kaatz testified that he "saw nothing in a review of the record of [the case] that to [him] grounds for successful appeal — anything non-frivolous." Id., at 63.
"A habeas court must fashion a remedy appropriate to the constitutional right it seeks to vindicate. Proof of unconstitutional impairment of the right to appeal empowers a court to fashion an order . . . or otherwise fashioning . . . appropriate relief . . . to which the petitioner may be entitled. (Internal citation omitted). James L. v. Commissioner ofCorrection, 245 Conn. 132, 148, 712 A.2d 947 (1998). "[A] defendant's statutory right to appeal is fundamental and must be jealously protected . . . since a criminal defendant who decides not to appeal from a judgment of conviction in effect concedes the validity of that judgment and insulates the conviction against appellate review[.]" (Internal citations and quotations omitted.) Barlow v. Lopes, 201 Conn. 103, 109,513 A.2d 132 (1986).
There is no indication in this case that the petitioner waived his right to appeal. In fact, Attorney Kaatz testified that the petitioner wanted to appeal. While this Court has not determined whether counsel's performance resulted in the loss of any appealable issues, this Court does find that effective assistance of counsel in the petitioner's case entailed the filing of an appeal, as was requested by the client. The respondent's argument regarding the merit of issues raised on appeal;see Resp't Br., at 19; is unavailing because the cases relied upon for that proposition involved allegations of ineffective assistance ofappellate counsel. The issue before this Court is whether the petitioner was denied his right to appeal, not whether a claim actually raised on appeal is frivolous.
Consequently, it is this Court's conclusion that the petitioner's right to appeal was abridged by counsel's failure to file an appeal. The petitioner's right to appeal the convictions in CR12-116413 should be restored. To that extent the relief sought in Count One is granted.
 II
The petitioner claims in Count Two that his trial counsel was ineffective for failure to conduct an adequate investigation in the facts and witnesses for the State. "Paramount to the effective assistance of counsel is the obligation by the attorney to investigate all surrounding circumstances of the case and to explore all avenues that may potentially lead to facts relevant to the defense of the case. However, counsel need not track down each and every lead or personally investigate every CT Page 16248 evidentiary possibility before choosing a defense and developing it."State v. Silva, 65 Conn. App. 234, 256, ___ A.2d ___, cert. denied,258 Conn. 929, ___ A.2d ___ (2001). "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." Johnson v. Commissioner ofCorrection, 222 Conn. 87, 92, 608 A.2d 667 (1992). "The burden to demonstrate what benefit additional investigation would have revealed is on the petitioner." Holley v. Commissioner of Correction,62 Conn. App. 170, 175, 774 A.2d 148 (2001).
The petitioner argues that "there was minimal evidence put on in his behalf" and that "the only evidence introduced by Mr. Raymond's attorney came in the form of character witnesses." Pet. Br., at 11. The petitioner alleges that he wished to call Dawn Towell, who witnessed the petitioner's arrest, to obtain her account of the events surrounding the arrest. Id. Additionally, the petitioner claims that he had photographs "he wanted to use to show that others had access to his apartment. The case could have been made that these other people who had access to the apartment were the reason the stolen items were found at the address and not because of Mr. Raymond. Again, these photographs were not introduced." Id., at 11-12. Also see Tr. (June 28, 2001), at 16 and 37-8.
The petitioner testified at the habeas corpus trial that he knew of no investigation Attorney Kaatz conducted in CR12-115291. Tr. (June 28, 2001), at 23. Attorney Kaatz, however, testified that he had told the petitioner "that if we went to trial, [the petitioner] wasn't going to be giving [him] very much to work with." Id., at 47. This was so because the petitioner had provided a voluntary statement to a police detective in which the petitioner admitted breaking into two residences and stealing items in both, as well as the fact that the stolen items were found in the petitioner's apartment. Id. The only plausible defense, given what the petitioner told his counsel, was "to try and persuade the Court that other people had access to his apartment and would have put the items there." Id., at 58.
Attorney Kaatz also testified that according to the police reports, it was Dawn Towell, a neighbor of the petitioner's, who informed the police that she had seen the petitioner with a diamond ring, later identified as stolen, and that the petitioner had been trying to sell items, including a CD player, to someone in their neighborhood. Id. at 59. Though Attorney Kaatz used the services of an investigator from the Public Defender's Office in Manchester to help locate Dawn Towell, they were not able to locate her. Id., at 67-8. And as to the photographs which were not used, Attorney Kaatz testified that these photographs would not have CT Page 16249 contributed anything to the testimony by witnesses during the criminal trial that individuals other than the petitioner had access to his apartment. Id., at 59.
For example, Paul Ciccone testified at the criminal trial at issue in Count One as a witness for the petitioner regarding the many visitors in the petitioner's apartment and the high volume of people using the corridor where the petitioner's apartment was located. Resp't Ex. A (May 2, 1991 Tr.), at 44. Another defense witness's testimony in the first trial further bolstered the proposition that others had access to the petitioner's apartment and could have placed the stolen items there. Id.,
51-2. Especially given that there was neither testimony from Ms. Towell nor were the photographs entered into evidence in the habeas case, this Court cannot conclude that the petitioner was prejudiced by counsel's alleged acts or omissions. Regarding the claim that counsel failed to conduct an adequate investigation, this Court concludes from the foregoing that the petitioner has failed to meet his burden to demonstrate what benefit additional investigation would have revealed. The petitioner has not shown that counsel's performance in conducting an adequate investigation was deficient or that he was prejudiced.
The petitioner alleges that counsel failed to challenge the chain of custody of the evidence (jewelry). Specifically, the petitioner argues that Attorney Kaatz "failed to assist Mr. Raymond in the fact that he allowed certain evidence to come in without objection. [T]he evidence in question had been returned to the victims prior to trial. This fact created an issue of doubt with regard to the chain of custody." Pet'r Br., at 12. The petitioner does not claim, however, that the evidence was missing or that it was tampered with, merely that returning the evidence to the victims prior to trial created a gap in the chain of custody.
A detective involved in the investigation testified at the criminal trial that the items found in the petitioner's apartment were photographed, then placed into plastic bags and marked. Tr. (Sept. 26, 1991), at 52. The detective further testified that bags with markings were no longer with the items because "they were ordered to be returned by the Court some time ago, to the property owner." Id. Attorney Kaatz questioned this witness on cross examination regarding the condition of the returned items, which had been offered into evidence in the criminal trial, eliciting a response that "they appeared to be in the same condition." Id., at 84. This Court finds that the chain of custody is thus sufficiently demonstrated by the record in this case and that the petitioner has failed to show both that his attorney's performance was deficient or that he was somehow prejudiced.
Another allegation made by the petitioner is that his counsel failed to CT Page 16250 challenge the legality of the search of the petitioner's apartment. There is no evidence to support the claim that there was anything defective in the search warrant that the police executed or that items found in plain view in the petitioner's apartment should have been excluded from presentment at trial. This Court finds that the petitioner has failed to show that counsel's actions were not sound trial strategy and unreasonable.
Attorney Kaatz is also alleged to have been ineffective for failing to present witness testimony in support of the defense. This Court has previously discussed the testimony of witnesses in the first trial. Seeinfra at 8. There is no evidence to suggest that the petitioner would have procured testimony different from the testimony given by defense witnesses in the first trial. Consequently, this Court concludes that the petitioner was not prejudiced by the lack of similar testimony in the second trial.
The petitioner claims that Attorney Kaatz did not allow him to testify in his own defense. The petitioner testified that the only way his counsel would be able to get the photographs the petitioner wanted admitted into evidence was to put the petitioner on the stand. Tr. (June 22, 2001), at 14. The petitioner indicated that his counsel would not allow him to testify. Id. Attorney Kaatz's testimony, however, contradicts the petitioner's. Attorney Kaatz stated that he "urged [the petitioner] in the strongest terms possible that he shouldn't testify," and that the petitioner ultimately agreed with this recommendation. Id.,
at 66. Counsel's recommendation not to testify was based on his conclusion that the petitioner would be a very ineffective witness and that the voluntary statement given to the police would ultimately destroy any credibility the petitioner might have with the jury. Id. This Court doubts the credibility of the petitioner's claim that his attorney would not let him testify.
The petitioner additionally claims that his counsel failed to object to the Court's charge to the jury. There is no evidence in the record before this Court to support such a claim. Although Attorney Kaatz testified that he did not file a request to charge, he also testified that he thought the standard charges the trial court was going to give were sufficient and that there was nothing in the charges that he took exception to. Tr. (June 28, 2001), at 68-9. This Court finds that the petitioner has not shown that if Attorney Kaatz had filed a request to charge, it would have changed the outcome of the trial. Adorno v.Commissioner of Correction, 66 Conn. App. 179, 190, ___ A.2d ___ (2001).
The petitioner lastly alleges that his trial attorney failed to challenge the statement made by the petitioner to detectives. Attorney CT Page 16251 Kaatz testified that the petitioner had never given him any indication that the statement was anything but voluntary or made as a result of any promises. Tr. (June 22, 2001), at 47. The petitioner initially testified at the habeas trial that the statement in question "was really given to a parole officer at the time" under "conditions that he was supposed to help me with the case." Id., at 30. Later the petitioner testified that he "was promised by [his] parole officer who was present at the time and who called the officer down for this that he was going to help me in my case." Id., at 40. A review of the statement and the circumstances under which it was given indicates that the statement was voluntarily made to a member of the Manchester Police Department, not to a parole officer. Resp't Ex. B. There is no evidence to suggest any coercive police activity. State v. Correa, 241 Conn. 322, 328, 696 A.2d 944 (1997). Again, the petitioner has not proven that his attorney's performance was deficient or that he was prejudiced.
 CONCLUSION
This Court has reviewed the petitioner's claims and concludes that all allegations in Count Two are without merit. Count One, however, which alleges that the petitioner was deprived of his right to appeal his conviction in CR12-116413, is found to have merit. Consequently, the petition seeking habeas corpus relief is granted to the extent that the petitioner's right to appeal the conviction arising out of the trial in CR 12-116413 is restored.
DAVID M. BARRY, JUDGE TRIAL REFEREE.