[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner was arrested on December 14, 1991 and was charged with two counts of attempt to commit first degree assault in violation of C.G.S. §§ 53a-59a(1): 53a-49. He was convicted of both charges by a jury on October 14, 1992 in Superior Court for the Judicial District of New Haven before the Honorable William E. Hadden. After reviewing the petitioner's pre-sentence investigation report on December 11, 1992, Judge Hadden sentenced the petitioner to a total effective sentence of twenty years to serve in the custody of the Commissioner of Correction.
In his Amended Petition for habeas corpus, dated April 15, 2000, the petitioner claims that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article One, Section Eight, of the Connecticut Constitution. The petitioner claims that the pre-sentence investigation report contained numerous factual errors that were prejudicial to the petitioner and which his trial counsel did not bring to the attention of the sentencing judge. The petitioner claims that although the report was prepared well in advance of the sentencing date, he did not receive a copy of it from his attorney until minutes before the actual sentencing, thereby depriving the petitioner of the opportunity to refute some of its contents and causing his sentence to be based in part on information CT Page 16890 contained in a factually erroneous pre-sentence investigation report. All other claims contained in the petitioner's original pro se petition dated March 12, 1998 were not pursued.
The habeas court heard testimony from the petitioner and Assistant Public Defender Brian Carlow, who represented Mr. Pouncey in his criminal trial. In addition to the testimony of the petitioner and Attorney Carlow, the following items were entered into evidence as petitioner's exhibits without objection of the respondent: 1) the Office of Adult Probation's Pre-Sentence Report; 2) a list of alleged inaccuracies in the report; 3) the sentencing transcript dated December 11, 1992; 4) copies of decisions in State v. Pouncey, 40 Conn. App. 624, 673 A.2d 547 (1996) and State v. Pouncey, 241 Conn. 802, 699 A.2d 901 (1997); 5) petitioner's certification of military service; 6) an affidavit of Judge William L. Hadden, Jr.; and 7) a transcript of the May 11, 2001 habeas corpus proceeding.
"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of the conviction has two components. First, the petitioner must show that counsel's performance was deficient. Second, the petitioner must show that the deficient performance prejudiced the defense. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. Stricklandv. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984); Aillon v.Meachum, 211 Conn. 352, 357, 559 A.2d 206 (1989); Fair v. Warden,211 Conn. 398, 402, 559 A.2d 1094, cert. denied, 493 U.S. 981,110 S.Ct. 512, 107 L.Ed.2d 514 (1989)." Henry v. Commissioner of Correction,60 Conn. App. 313, 316-7, 759 A.2d 118 (2000). "Even if a petitioner shows that counsel's performance was deficient, the second prong, or prejudice prong, requires that the petitioner show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Internal citations and quotations omitted.) Id., 317-8. Alsosee Commissioner of Correction v. Rodriguez, 222 Conn. 469, 477,610 A.2d 631 (1992).
"A reviewing court can find against the petitioner on whichever [Strickland prong] is easier. Valeriano v. Bronson, 209 Conn. 75, 85-6,546 A.2d 1380 (1988); Nardini v. Manson, 207 Conn. 118, 124, 540 A.2d 69
(1988); Magnotti v. Meachum, 22 Conn. App. 669, 674, 579 A.2d 553
(1990); Beasley v. Commissioner of Correction, [47 Conn. App. 253, 264,704 A.2d 807 (1997), cert. denied, 243 Conn. 967, 707 A.2d 1268 (1998)]."Petaway v. Commissioner of Correction, 49 Conn. App. 75, 76 n. 2, CT Page 16891712 A.2d 992 (1998).
The parties agreed to submit a copy of the pre-sentence investigation report filed December 1, 1992, the transcript of the sentencing proceedings held December 11, 1992, a copy of the Amended Petition, and a copy of the May 11, 2001 transcript of the proceedings before this Court to Judge Hadden, the petitioner's sentencing judge, so that he could determine whether the pre-sentence investigation report errors influenced the sentence he imposed. Pet'r Ex. 7 (Tr. of May 11, 2001), at 53. The parties also agreed to have Judge Hadden, in lieu of testifying before the habeas court, submit a statement after reviewing the forwarded items.Id., at 53-4. This Court canvassed the petitioner to ensure that he consented to this case being decided upon the evidence entered on May 11, 2001, as well as on August 28, 2001, and that the mechanics of this case deviated somewhat from most habeas proceedings. Tr. (August 28, 2001), at 8-9. The petitioner indicated complete consent. Id.
Additionally, counsel for the petitioner indicated that he had thoroughly explained the mechanics of this case to his client. Id., at 9.
This Court has reviewed the evidence entered in this case and finds that the testimony of all witnesses to be credible. The affidavit specifically addresses all four errors alleged by the petitioner to have been contained in the pre-sentence investigation report. Judge Hadden started from the assumption that "for the purposes of [his] affidavit, that the explanation of the errors and the mitigating circumstances as set forth in the May 11, 2001 transcript would have been presented to [him], and would have been accepted by [him] as factually correct." Pet'r Ex. 6, at 2-3. Judge Hadden concluded that these errors and mitigating circumstances did not influence his sentence, that the errors were either insignificant with respect to sentencing or would not have affected the sentence imposed. Id., at 3-4.
Based on the foregoing, this Court finds that the petitioner was not prejudiced by the errors in the pre-sentence investigation report. The petitioner has failed to prove that the result in his underlying criminal case was unreliable or that the outcome would have been different had Judge Hadden had the corrected errors and mitigating circumstances before him at the time of sentencing. Consequently, the petition seeking habeas corpus relief is denied.
DAVID M. BARRY, JUDGE TRIAL REFEREE