# MELVIN MITCHELL *v.* COMMISSIONER OF CORRECTION
# (AC 19689)

Schaller, Flynn and O'Connell, Js.

Argued September 17, 2001—officially released January 25, 2002*

---

* January 25, 2002, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

1

Lisa J. Steele, special public defender, for the appellant (petitioner).

Michael E. O'Hare, assistant state's attorney, with whom, on the brief, were James E. Thomas, state's attorney, George Ferko, assistant state's attorney, and Joan K. Alexander, former supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, J. The petitioner, Melvin Mitchell, appeals following the denial by the habeas court of his petition for certification to appeal, filed pursuant to General Statutes § 52-470 (b),[1] from the denial of his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court (1) abused its discretion in denying his petition for certification to appeal because the habeas court denied him his statutory right to counsel and his constitutional right to self-representation by its handling of his oral request to represent himself at the habeas proceeding,[2] (2) failed to determine that trial counsel's failure to investigate an element of the victim's statement made the petitioner's trial less reliable and fundamentally unfair and constituted ineffective assistance, and (3) failed to determine that trial counsel's failure to challenge the starting point of the trial court's excludable time calculations

---

[1] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of a crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the Supreme Court or Appellate Court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

[2] An indigent habeas petitioner has a right to counsel pursuant to General Statutes § 51-296 (a).

deprived the petitioner of a dismissal for violation of his federal constitutional right to a speedy trial and constituted ineffective assistance.[3] We dismiss the appeal.

The following facts and procedural history are relevant to this appeal. In 1995, after a trial to a jury, the petitioner was convicted of one count of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) and three counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1). He was sentenced to a total effective term of twenty-five years in prison. This court affirmed his conviction. *State* v. *Mitchell*, 54 Conn. App. 361, 738 A.2d 188, cert. denied, 251 Conn. 910, 739 A.2d 1250 (1999), cert. denied, 528 U.S. 1171, 120 S. Ct. 1197, 145 L. Ed. 2d 1101 (2000).

The petitioner filed an amended petition for a writ of habeas corpus alleging ineffective assistance of trial counsel.[4] After an evidentiary hearing, the court denied

---

[3] As to claims two and three, the habeas court did not find trial counsel to be ineffective in either respect. On appeal, the petitioner has failed to brief how or why the habeas court's denial of certification to appeal as to these claims constituted an abuse of discretion. Accordingly, we address them only so far as to say that if the petitioner had briefed the issue of how the denial constituted an abuse of discretion, we would not have come to a conclusion different from the one reached by the habeas court.

[4] Specifically, he claimed that counsel's performance was deficient in that he failed (1) to cross-examine the victim as to the authenticity of her signature on the statement that she had given to the police despite alleged discrepancies between the signature on that document and other exemplars of her handwriting, (2) to consult with the petitioner on trial tactics and strategy, (3) to argue to the jury that the semen that was found could have been from a person other than the petitioner, (4) to move for a dismissal for lack of a speedy trial, (5) to inform the petitioner of the charges against him, (6) to subpoena defense witnesses that the petitioner believed would provide relevant testimony, (7) to cross-examine the physician who testified at trial adequately concerning the condition and treatment of the victim after the alleged assault, (8) to discuss the advantages and disadvantages of the petitioner taking the witness stand at trial and (9) to subpoena Officer Paul Zoda, who would have provided testimony that was favorable to the petitioner.

the petition by memorandum of decision. Thereafter, the petitioner requested certification to appeal. The court denied that petition as frivolous. This appeal followed.

We first set forth certain legal principles that guide us in our review. "Faced with a habeas court's denial of a petition for certification to appeal [under § 52-470 (b)], a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits." (Citation omitted; internal quotation marks omitted.) *Whyte* v. *Commissioner of Correction*, 53 Conn. App. 678, 682, 736 A.2d 145, cert. denied, 250 Conn. 920, 738 A.2d 663 (1999).

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the *underlying claim* involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Emphasis added; internal quotation marks omitted.) *Reddick* v. *Commissioner of Correction*, 51 Conn. App. 474, 477, 722 A.2d 286 (1999).

The petitioner claims that the habeas court abused its discretion in denying certification to appeal because of the manner in which it had handled his oral request to represent himself at the habeas proceeding. We decline to review that claim because it is not predicated on the underlying claim raised in the petition for habeas

corpus and, accordingly, it is not properly before this court.

In the present case, the only *underlying claim* advanced by the petitioner in his petition for a writ of habeas corpus was that of ineffective assistance of counsel. The petitioner does not now claim that the court abused its discretion in denying certification to appeal from the denial of his habeas petition based on ineffective assistance of counsel on the ground that the resolution of that claim is debatable among jurists of reason or could be resolved differently by another court. Instead, the petitioner argues that the court abused its discretion in its handling of his oral request to represent himself at the habeas hearing, an issue that was not presented to the habeas court in the petition, but is raised for the first time on appeal to this court.

Specifically, the petitioner argues that the issue of whether a habeas court is required to canvass a petitioner before allowing him or her to waive the right to counsel at a habeas proceeding is an issue of first impression in Connecticut. He further argues that because issues of first impression are debatable among jurists of reason and a court could resolve such issues in a different manner, the failure to grant certification to raise such issues constitutes an abuse of discretion. See, e.g., *Graham* v. *Commissioner of Correction*, 39 Conn. App. 473, 476, 664 A.2d 1207, cert. denied, 235 Conn. 930, 667 A.2d 800 (1995). Accordingly, he argues that the court in the present case abused its discretion in denying his petition for certification to appeal to challenge its alleged mishandling of his request to represent himself because the issue of whether a canvass is required under such circumstances is an issue of first impression that is debatable among jurists of reason and a court could resolve this issue in a different manner. We disagree that the habeas court abused its discre-

tion by failing to grant the petition for certification to appeal on the basis of that issue.

The petitioner's claim fails even if we assume that the issue of whether and to what extent a habeas court must canvass a petitioner before allowing him to proceed without counsel is an issue of first impression that is debatable among jurists. It fails because it was not an underlying claim in the habeas petition before the habeas court. It is not, therefore, within our scope of review of the habeas court's decision to deny permission to appeal under § 52-470 (b). *Simms* v. *Warden*, supra, 230 Conn. 612, limits our review to the question of whether the court abused its discretion in denying certification to appeal to challenge the issues raised before the habeas court concerning what occurred at the underlying criminal trial. In other words, a petitioner's claim that the court abused its discretion must be founded on whether the court abused its discretion in denying certification to appeal from its decision with respect to the issues that were the subject of the petition for the writ. See, e.g., *Robinson* v. *Commissioner of Correction*, 62 Conn. App. 429, 435–36, 771 A.2d 952 (court abused discretion in denying petition for certification to appeal from denial of petition for writ based on ineffective assistance of counsel because whether counsel should have applied for youthful offender treatment was debatable among reasonable jurists), cert. denied, 257 Conn. 902, 777 A.2d 194 (2002). Here, the petitioner's claim that the habeas court abused its discretion in failing to grant certification on the basis of its alleged mishandling of his request to proceed pro se at the habeas proceeding was not one of the underlying claims raised in the petition as a ground for granting the writ. Accordingly, we conclude that the petitioner's claim is outside of our scope of review for purposes of an appeal brought pursuant to § 52-470 (b) because certification to appeal has been denied and the peti-

tioner has failed to satisfy the first prong of *Simms* v. *Warden,* supra, 230 Conn. 612.

Furthermore, we fail to see how a court could abuse its discretion in failing to grant a petitioner certification to appeal to challenge an issue that was not first presented to the court and then ruled on by it. "This court is not bound to consider claimed errors unless it appears on the record that the question was distinctly raised . . . and was ruled upon and decided by the court adversely to the appellant's claim." (Internal quotation marks omitted.) *Copeland* v. *Warden,* 26 Conn. App. 10, 13–14, 596 A.2d 477 (1991), aff'd, 225 Conn. 46, 621 A.2d 1311 (1993). At the habeas proceeding, counsel for the petitioner did not object to the manner in which the court handled the petitioner's request to represent himself. Consequently, the habeas court made no ruling on that issue. In addition, the ground alleged in the petition for certification to appeal was simply that "[t]he court erred in denying the petition." This allegation could in no way apprise the court of the fact that the petitioner was seeking certification to appeal on the basis of the court's treatment of his self-representation request. Furthermore, although this court granted the petitioner's motion for review of the habeas court's denial of his motion for articulation on issues related to the self-representation claim, we denied the relief requested and declined to order an articulation on those issues. We conclude that to review the petitioner's claims now would amount to an "ambuscade of the [habeas] judge." (Internal quotation marks omitted.) Id., 14. We decline to engage in such a review.

The petitioner's final two claims allege ineffective assistance of counsel. We also decline to review those claims because the petitioner has failed to prove, or even to allege, that the court abused its discretion in failing to certify for appeal the denial of his petition for a writ on the basis of these claims. In *Petaway* v.

*Commissioner of Correction*, 49 Conn. App. 75, 77–78, 712 A.2d 992 (1998), and, subsequently, in *Reddick* v. *Commissioner of Correction*, supra, 51 Conn. App. 477, this court refused to review the petitioners' ineffective assistance of counsel claims. In each of those cases, the petitioner raised the claim of ineffective assistance of counsel but failed to brief the threshold issue, set out as the first prong of *Simms*, of how the court had abused its discretion in failing to grant certification to appeal as to that underlying claim. We explained that "the mere allegation of a violation of a constitutional right [such as effective assistance of counsel] is insufficient to meet the initial hurdle of proving an abuse of discretion when the habeas court has denied certification to appeal." (Internal quotation marks omitted.) *Reddick* v. *Commissioner of Correction*, supra, 477. The petitioner was required to brief and demonstrate to the appellate tribunal that the denial of certification to appeal to raise one or more issues argued to the habeas tribunal was an abuse of discretion. See id.

The petitioner in the present case, like the petitioners in *Petaway* v. *Commissioner of Correction*, supra, 49 Conn. App. 77–78, and *Reddick* v. *Commissioner of Correction*, supra, 51 Conn. App. 477, merely alleged that his constitutional right to effective assistance of counsel was violated. He did not allege that the court's failure to grant certification to review the denial of the habeas petition with respect to that issue constituted an abuse of discretion. We, therefore, decline to review the petitioner's ineffective assistance of counsel claims because we conclude that they were not properly presented to this court.

Even if we were to conclude that the petitioner had adequately briefed his claim that the court abused its discretion in refusing to grant certification to appeal

from the denial of the habeas petition on the basis of his claims of ineffective assistance of counsel, we would nonetheless conclude that the court did not abuse its discretion in denying certification.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." *White* v. *Commissioner of Correction,* 58 Conn. App. 169, 170, 752 A.2d 1159 (2000).

In the present case, the underlying claims involve the issue of whether the petitioner was deprived of his sixth amendment right to effective assistance of trial counsel. "For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." Id., citing *Strickland* v. *Washington,* 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Bunkley* v. *Commissioner of Correction,* 222 Conn. 444, 445, 610 A.2d 598 (1992).

After reviewing the record, we would conclude that the court had sufficient evidence before it to support its determination that the petitioner failed to prove that trial counsel's performance fell below an objective standard of reasonableness or that there was a reasonable probability that but for counsel's allegedly deficient performance, the result would have been different.

The petitioner cannot obtain appellate review under § 52-470 (b) because certification to appeal has been denied and he has failed to meet the first prong of *Simms* by demonstrating that the habeas court abused

its discretion in denying certification to appeal to challenge the issues raised in the habeas corpus petition.

The appeal is dismissed.

In this opinion the other judges concurred.