### LEONARD JACKSON *v.* COMMISSIONER OF CORRECTION
### (AC 22127)

Lavery, C. J., and Bishop and Hennessy, Js.

Submitted on briefs January 8—officially released February 12, 2002

*Vicki H. Hutchinson*, special public defender, filed a brief for the appellant (petitioner).

*Gerard P. Eisenman*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

HENNESSY, J. The petitioner, Leonard Jackson, appeals following the denial by the habeas court of his petition for certification to appeal from the denial of his petition for a writ of habeas corpus. He claims that the habeas court improperly determined that his trial counsel had provided effective assistance.[1] The peti-

---

[1] Following a jury trial, the petitioner was convicted of robbery in the first degree and conspiracy to commit robbery in the first degree, and received a sentence of twenty years incarceration, execution suspended after twelve years, followed by five years probation. On direct appeal, the conviction was affirmed. *State* v. *Jackson*, 49 Conn. App. 901, 718 A.2d 88, cert. denied, 247 Conn. 906, 720 A.2d 515 (1998).

tioner claims that his attorney provided ineffective assistance of counsel because he failed to inform the petitioner of a plea bargain offer prior to trial and that, as a result of his going to trial, as opposed to accepting the plea bargain, he will serve more time in jail.[2] The habeas court denied the petition and the petitioner's subsequent request for certification to appeal. We dismiss the appeal.

Our standard of review of a habeas court's judgment on a claim of ineffective assistance of counsel is well settled. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Goodrum* v. *Commissioner of Correction*, 63 Conn. App. 297, 299, 776 A.2d 461, cert. denied, 258 Conn. 902, 782 A.2d 136 (2001). "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits." (Citation omitted; internal quotation marks omitted.) *Petaway* v. *Commissioner of Correction*, 49 Conn. App. 75, 77, 712 A.2d 992 (1998).

---

[2] The plea bargain offer by the state provided for twelve years incarceration, execution suspended after seven years. No period of probation was specified.

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Reddick* v. *Commissioner of Correction*, 51 Conn. App. 474, 477, 722 A.2d 286 (1999). "For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." *White* v. *Commissioner of Correction*, 58 Conn. App. 169, 170, 752 A.2d 1159 (2000), citing *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445, 610 A.2d 598 (1992).

In the present case, the habeas court based its denial of the petition for a writ of habeas corpus on a review of the petitioner's claims and the evidence presented. The petitioner's trial attorney testified that he gave the petitioner a standard form that is used in his practice to advise defendants of pretrial offers and that contained the state's offer. He further testified that the petitioner did not acknowledge or sign the form even though it contained a place for his signature.

In its decision, the habeas court credited counsel's testimony and rejected the petitioner's testimony. The court stated that the petitioner was experienced in the criminal law system, that he knew about plea bargains and his option of accepting a plea bargain or going to trial, and that he ignored the advice of counsel and decided to go to trial. Accordingly, the habeas court concluded that the petitioner failed to carry the burden of proof required to establish that his counsel had provided ineffective assistance of counsel.

"This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . In a case that is tried to the court . . . the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Citations omitted; internal quotation marks omitted.) *Wieler* v. *Commissioner of Correction*, 47 Conn. App. 59, 61, 702 A.2d 1195, cert. denied, 243 Conn. 957, 704 A.2d 806 (1997). Thus, the petitioner cannot successfully challenge the habeas court's decision to credit counsel's testimony and to reject his testimony.

Having reviewed the record and the briefs, we conclude that the petitioner has failed to make a substantial showing that he was denied a state or federal constitutional right. Furthermore, the petitioner has failed to sustain his burden of establishing that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, supra, 230 Conn. 612; *Simms* v. *Warden*, supra, 229 Conn. 189. Therefore, we conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.