******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

TYRONE D. CAROLINA *v.* COMMISSIONER
OF CORRECTION
(AC 41500)

Bright, Devlin and Eveleigh, Js.

*Syllabus*

The petitioner, who had been convicted of multiple counts of risk of injury
to a child, sought a writ of habeas corpus, claiming, inter alia, that his
right to due process was violated when the respondent Commissioner
of Correction wrongly classified him as a sex offender with treatment
needs. The petitioner claimed that there was no basis for his classifica-
tion as a sex offender because he was never convicted of a sexual
assault and that he was not afforded sufficient procedural protections
before being classified as a sex offender. The habeas court rendered
judgment denying the habeas petition and, thereafter, denied the petition
for certification to appeal, and the petitioner appealed to this court.
*Held* that the habeas court did not abuse its discretion in denying the
petition for certification to appeal, as the respondent was entitled to
rely on the petitioner's conviction in classifying him as a sex offender;
although the petitioner sufficiently alleged that he had a protected liberty
interest, he was on notice that he could be classified as a sex offender
because he was convicted of risk of injury to a child, which included
the necessary element that he had had intimate contact with a child
under the age of sixteen in a sexual and indecent manner, and the
petitioner failed to present any evidence to prove that his right to due
process had been violated.

Argued May 28—officially released September 3, 2019

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland and
tried to the court, *Kwak, J.*; judgment denying the peti-
tion; thereafter, the court denied the petition for certifi-
cation to appeal, and the petitioner appealed to this
court. *Appeal dismissed.*

*Tyrone D. Carolina*, self-represented, the appellant
(petitioner).

*Edward Wilson, Jr.*, assistant attorney general, with
whom, on the brief, was *William Tong*, attorney gen-
eral, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Tyrone D. Carolina, appeals, following the denial of his petition for certification, from the judgment of the habeas court denying his petition for a writ of habeas corpus in which he claimed that he was wrongly classified as a sex offender. On appeal, the petitioner claims that the habeas court improperly concluded that the classification by the respondent, the Commissioner of Correction, did not violate his constitutional right to due process. We dismiss the appeal.

The following facts and procedural history are relevant to this appeal. The petitioner was convicted, following a jury trial, of two counts of risk of injury to a child in violation of General Statutes § 53-21 (a) (2),[1] two counts of risk of injury to a child in violation of § 53-21 (a) (1),[2] and one count of tampering with a witness in violation of General Statutes § 53a-151.[3] See *State* v. *Carolina*, 143 Conn. App. 438, 440 and n.1, 69 A.3d 341, cert. denied, 310 Conn. 904, 75 A.3d 31 (2013).[4] The petitioner appealed to this court, which affirmed his conviction on direct appeal and determined that the jury reasonably could have found the following facts: "The [petitioner] was close friends with [the parents of the victim, K]. . . . On May 11, 2009, when K returned home from school, W, a family friend, noticed that K's behavior was unusual. K's cousin and her sister also were present at that time. They began questioning K, and she reluctantly revealed that the [petitioner] had had sexual contact with her. A few hours later, K's older brother, L, arrived at the house and saw that K was upset and shaking. He asked her to accompany him in his car so that they could talk in private. In response to L's questions, K told him of a recent incident in which the [petitioner] had sexually molested her. The Danbury police department was contacted and officers arrived at K's house later that evening. Thereafter, the [petitioner] was arrested and charged with offenses related to his sexual contact with K." (Footnote omitted.) Id., 441.

While the petitioner was incarcerated, the respondent classified him as a sex offender and recommended that he participate in sex treatment education pursuant to the Department of Correction's offender classification manual.[5] On August 27, 2014, the self-represented petitioner filed a petition for a writ of habeas corpus. In his petition, he claimed that his incarceration is illegal because the respondent improperly classified him as a sex offender. The petitioner appeared to claim, in the habeas trial, that he was not afforded sufficient procedural protections before being classified as a sex offender. Following a trial on the merits, the habeas court rejected the petitioner's claims by way of a memorandum of decision filed on December 13, 2017. The habeas court concluded that "[a]lthough the petitioner protests [the respondent's] classification of him as a

sex offender with treatment needs, the petitioner has failed to present any evidence and [to] prove that his right to due process has been violated," and, thus, failed to meet his burden of proof. Accordingly, the habeas court denied the petitioner's petition for a writ of habeas corpus and rendered judgment in favor of the respondent. The court then denied the petitioner's petition for certification to appeal. This appeal followed.

On appeal, the petitioner claims that the habeas court improperly denied his petition for a writ of habeas corpus. Specifically, he argues that the respondent violated his right to due process when he improperly classified the petitioner as a sex offender. In support of this claim, the petitioner argues that he was never convicted of a sexual assault and, therefore, there was no basis for his classification as a sex offender. The respondent argues in response that he appropriately classified the petitioner as a sex offender. We agree with the respondent.

We initially note that the petitioner, "[f]aced with a habeas court's denial of a petition for certification to appeal . . . can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 162 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the *underlying claim* involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 4, 790 A.2d 463, cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002). In order to determine if the habeas court abused its discretion we must consider the merits of the petitioner's claim.

"In order to state a claim for a denial of procedural due process . . . a prisoner must allege that he possessed a protected liberty interest, and was not afforded the requisite process before being deprived of that liberty interest. . . . A petitioner has no right to due process . . . unless a liberty interest has been deprived . . . . Our first inquiry, therefore, is whether the petitioner has alleged a protected liberty interest. That question implicates the subject matter jurisdiction of the habeas court." (Citation omitted; internal quotation marks omitted.) *Anthony A.* v. *Commissioner of Cor-*

*rection*, 326 Conn. 668, 674–75, 166 A.3d 614 (2017).

In support of his claim, the petitioner argues that, just as in *Anthony A.* v. *Commissioner of Correction*, supra, 326 Conn. 668, the improper classification as a sex offender violated his due process rights. In *Anthony A.*, the petitioner "claim[ed] that he was incorrectly classified as a sex offender . . . ." Id., 670. The petitioner in that case "had not been convicted of a sex offense and had no prior history as a sex offender." Id., 672. Our Supreme Court, applying the stigma plus test, asked "whether the allegations of the petition demonstrate that the classification was wrongful and stigmatized the petitioner, and that the consequences suffered by the petitioner were 'qualitatively different' from the punishments usually suffered by prisoners, so that they constituted a major change in the conditions of confinement amounting to a grievous loss." Id., 680–81. Our Supreme Court stated that the petitioner met the "stigma" prong of the test because the classification as a sex offender is "uniquely stigmatizing."[6] Id., 681. Ultimately, our Supreme Court in *Anthony A.* concluded that the petitioner met the jurisdictional threshold to confer jurisdiction because he sufficiently alleged a protected liberty interest. Id., 686.

As in *Anthony A.*, we conclude that the petitioner in the present case sufficiently alleged a protected liberty interest under the stigma plus test because he was classified as a sex offender, which implicates a liberty interest. The question then is whether the petitioner was provided constitutionally sufficient process in connection with his classification. The court in *Anthony A.* did not address what process was required before an inmate is classified as a sex offender because the only issue in that case was whether the petitioner had a protected liberty interest in his classification. We note, however, that the facts and circumstances in *Anthony A.* are distinguishable from the present case. In *Anthony A.*, "[t]he department classified the petitioner as a sex offender, despite the fact that he had not been convicted of a sex offense and had no prior history as a sex offender." Id., 672. By contrast, in the present case, the petitioner was convicted of offenses that included the necessary element that the petitioner had intimate contact with a child under the age of sixteen in a sexual and indecent manner.

We also note that in *Anthony A.*, our Supreme Court stated that the petitioner alleged that he was not provided notice that he could be classified as a sex offender in light of the underlying charges. Id., 672 n.4. By contrast, in the present case the petitioner was on notice that he could be classified as a sex offender because he was convicted of risk of injury to a child in violation of § 53-21 (a) (2).[7]

Unlike in *Anthony A.*, where there was no conviction of a sex related offense on which to base the sex

offender classification, in this case the respondent was entitled to rely on the petitioner's conviction in classifying him as a sex offender. The petitioner, on the facts of this case, was due no other process. On the basis of the foregoing, we cannot conclude that the habeas court abused its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.

[1] General Statutes § 53-21 (a) provides in relevant part: "Any person who . . . (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of . . . a class B felony . . . ."

[2] General Statutes § 53-21 (a) provides in relevant part: "Any person who (1) wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered, the health of such child is likely to be injured or the morals of such child are likely to be impaired, or does any act likely to impair the health or morals of any such child . . . shall be guilty of . . . a class C felony . . . ."

[3] General Statutes § 53a-151 provides in relevant part: "(a) A person is guilty of tampering with a witness if, believing that an official proceeding is pending or about to be instituted, he induces or attempts to induce a witness to testify falsely, withhold testimony, elude legal process summoning him to testify or absent himself from any official proceeding . . . ."

[4] The jury found the petitioner not guilty of three charges of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1).

[5] The offender classification manual "explains the State of Connecticut Department of Correction inmate classification system and procedures for usage of the classification instrument." The respondent created the offender classification manual pursuant to his authority under General Statutes § 18-81 to "establish rules for the administrative practices and custodial rehabilitative methods . . . in accordance with recognized correctional standards." The offender classification manual defines classification as "the ongoing process of collecting and evaluating information about each inmate to determine the inmate's risk and need level for appropriate confinement location, treatment, programs, and employment assignment whether in a facility or the community." Consistent with the initial classification procedures, the respondent considers seven factors to determine the inmate's "[n]eeds [a]ssessment," including "[s]ex treatment need."

[6] Our Supreme Court previously has stated: "Constitutional privacy interests are implicated . . . because . . . [t]he damage to [citizens'] reputations resulting from [disclosure] stigmatizes them as currently dangerous sex offenders, can harm their earning capacities, and can cause them to be objects of derision in the community." (Internal quotation marks omitted.) *State* v. *Misiorski*, 250 Conn. 280, 295, 738 A.2d 595 (1999); see also *State* v. *Elias V.*, 168 Conn. App. 321, 344, 147 A.3d 1102 (recognizing "stigmatizing effects of this [sex offender] classification"), cert. denied, 323 Conn. 938, 151 A.3d 386 (2016).

[7] Section 53-21 (a) (2) involves contact with the intimate parts of a child under sixteen years of age or contact by a child under the age of sixteen with the intimate parts of the petitioner in a sexual and indecent manner. See footnote 1 of this opinion.