RONALD OWENS *v.* COMMISSIONER OF
CORRECTION
(AC 20504)

Spear, Mihalakos and Flynn, Js.

Submitted on briefs April 26—officially released June 19, 2001

*David B. Rozwaski*, special public defender, filed a brief for the appellant (petitioner).

*James A. Thomas*, state's attorney, *Timothy J. Sugrue*, senior assistant state's attorney, and *George Ferko*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Ronald Owens, appeals from the habeas court's denial of his petition for certification to appeal the denial of his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly (1) denied his petition for certification to appeal and (2) rejected his claim of ineffective assistance of counsel. Our examination of the record and briefs persuades us that the court properly denied the petition for certification to appeal, and we accordingly dismiss the appeal.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." *White* v. *Commissioner of Correction*, 58 Conn. App. 169, 170, 752 A.2d 1159 (2000), citing *Johnson* v. *Commissioner of Correction*, 36 Conn. App. 695, 700, 652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995). "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the peti-

tioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits." (Citation omitted; internal quotation marks omitted.) *Pelaway* v. *Commissioner of Correction*, 49 Conn. App. 75, 77, 712 A.2d 992 (1998).

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Reddick* v. *Commissioner of Correction*, 51 Conn. App. 474, 477, 722 A.2d 286 (1999). "For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." *White* v. *Commissioner of Correction*, supra, 58 Conn. App. 170, citing *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445, 610 A.2d 598 (1992). In the present case, the petitioner has not established that the court abused its discretion in denying the petition for certification to appeal.

The court's dismissal of the petition for a writ of habeas corpus was based on a review of the petitioner's claims and the court's findings that he failed to sustain his burden of establishing that trial counsel rendered ineffective assistance. After a review of the record and briefs, we conclude that the petitioner failed to make a substantial showing that he was denied a state or federal constitutional right. Furthermore, the petitioner has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice was done. See *Simms* v.

*Warden,* supra, 230 Conn. 612; *Simms* v. *Warden,* supra, 229 Conn. 189.

We conclude that the court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.