## JEFFREY VANECH *v.* COMMISSIONER OF CORRECTION
### (AC 20994)

Lavery, C. J., and Flynn and Dupont, Js.

Submitted on briefs September 12—officially released November 20, 2001

*Patrice A. Cohan,* special public defender, filed a brief for the appellant (petitioner).

*David Cohen,* state's attorney, *Lisa A. Riggione,* senior assistant state's attorney, and *Jo Anne Sulik,* assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Jeffrey Vanech, appeals following the denial by the habeas court of his petition for certification to appeal from the dismissal of his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly (1) denied his petition for certification to appeal, (2) rejected his claim of ineffective assistance of counsel and (3) rejected his claim that his plea was not entered knowingly and voluntarily. Our examination of the record and briefs persuades us that the court properly denied the petition for certification to appeal, and we accordingly dismiss the appeal.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Citations omitted; internal quotation marks omitted.) *Owens* v. *Commissioner of Correction*, 63 Conn. App. 829, 830–31, 779 A.2d 165, cert. denied, 258 Conn. 905, 782 A.2d 138 (2001), citing *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445, 610 A.2d 598 (1992).

"[B]ecause the determination as to whether a plea has been knowingly and voluntarily entered entails an examination of all of the relevant circumstances . . . the plea may satisfy constitutional requirements even in the absence of literal compliance with the prophylactic safeguards of [Practice Book §§ 39-19 and 39-20]. . . . Thus, although the trial court never expressly informed the defendant of the mandatory minimum sentence . . . as required by [§ 39-19 (2)], that fact alone is not dispositive of the defendant's constitutional claim. . . .

"[O]ur inquiry . . . must focus upon the effect, if any, that the trial court's noncompliance with [§ 39-19 (2)] had on the defendant's ability to make a fully informed and voluntary plea decision. Thus, the ultimate issue to be resolved is whether the defendant was aware of actual sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a [guilty] plea." (Citation omitted; internal quotation marks omitted.) *State* v. *Johnson*, 253 Conn. 1, 44–45, 751 A.2d 298 (2000); see also *State* v. *Wright*, 207 Conn. 276, 288, 542 A.2d 299 (1988) (failure to advise defendant of mandatory minimum sentence did not jeopardize constitutional rights where plea intelligently and voluntarily made).

In the present case, the petitioner has not established that the court abused its discretion in denying the petition for certification to appeal. The habeas court's dismissal of the petition for a writ of habeas corpus was based on a review of the petitioner's claims. The court's finding that the petitioner failed to sustain his burden of establishing that trial counsel rendered ineffective assistance is supported by the record. With respect to his claim that his plea was not voluntarily and knowingly made, we conclude that in light of all of the circumstances evident from the record before us, the trial court's failure to inform the defendant of the statutorily required minimum sentence of one year did not render

his guilty plea unknowing or involuntary. In fact, the concurrent eight year sentence added only two years to the sentence that he was serving.

We therefore conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right. Furthermore, the petitioner has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice was done. See *Simms* v. *Warden,* supra, 230 Conn. 612; *Simms* v. *Warden,* supra, 229 Conn. 189.

The appeal is dismissed.