## THOMAS BRODY *v.* COMMISSIONER OF CORRECTION
### (AC 24522)

Bishop, West and DiPentima, Js.

Submitted on briefs September 16—officially released November 2, 2004

*Mark Diamond,* special public defender, filed a brief for the appellant (petitioner).

*Matthew C. Gedansky,* state's attorney, *Leon F. Dalbec, Jr.,* senior assistant state's attorney, and *Kathleen A. Dwyer,* deputy assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Thomas Brody, appeals following the denial by the habeas court of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal. We dismiss the appeal.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. The petitioner was charged with larceny in the fifth degree as a persistent larceny offender in violation of General Statutes §§ 53a-125a and 53a-40 (e) and two counts of conspiracy to commit larceny in the fifth degree in violation of General Statutes §§ 53a-48 and 53a-125a. If

convicted, he faced up to thirteen years in prison. The petitioner's trial counsel recommended that he accept the state's plea bargain offer of twenty-six months incarceration. The petitioner refused. Shortly before jury selection began, however, the petitioner changed his mind and pleaded guilty under the *Alford* doctrine.[1] The trial court conducted a full and detailed inquiry into the voluntariness of the petitioner's guilty plea, and found that he understood his rights and wanted to waive them.[2]

Thereafter, the petitioner filed an amended petition for a writ of habeas corpus, alleging that his trial counsel had rendered ineffective assistance. The habeas court found that the petitioner could not meet the requirements of an ineffective assistance of counsel claim pursuant to *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* requires that a petitioner first show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., 687. If, and only if, the petitioner manages to get over the first hurdle, then the petitioner must clear the second obstacle by proving "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 33, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] Prior to accepting the petitioner's plea and entering a finding of guilty, the court inquired if the petitioner had had sufficient time in which to consult with his attorney, whether he was satisfied with his attorney's representation, and whether he wanted to waive his right to a jury trial, to confront and to cross-examine his accusers and to present defenses. The petitioner answered in the affirmative to each question.

from a breakdown in the adversary process that renders the result unreliable." Id.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden,* 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citations omitted; internal quotation marks omitted.) *Owens* v. *Commissioner of Correction,* 63 Conn. App. 829, 830–31, 779 A.2d 165, cert. denied, 258 Conn. 905, 782 A.2d 138 (2001), citing *Strickland* v. *Washington,* supra, 466 U.S. 694; see also *Bunkley* v. *Commissioner of Correction,* 222 Conn. 444, 445, 610 A.2d 598 (1992).

After reviewing the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, that he has failed to sustain

his burden of persuasion that the denial of his petition for certification to appeal from the denying of his petition for a writ of habeas corpus was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden,* supra, 230 Conn. 612.

The appeal is dismissed.

