## GEORGE ORTIZ *v.* COMMISSIONER OF CORRECTION
### (AC 25633)

Schaller, Dranginis and McLachlan, Js.

Submitted on briefs September 28—officially released November 8, 2005

*James M. Fox*, special public defender, filed a brief for the appellant (petitioner).

*Gerard P. Eisenman*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, George Ortiz, appeals following the denial of his petition for certification to appeal from the habeas court's denial of his amended petition for a writ of habeas corpus in which he alleged that he was denied the effective assistance of trial counsel and that his guilty plea, rendered pursuant to the

*Alford* doctrine,[1] was not made intelligently and voluntarily. We dismiss the appeal.

The court made the following findings of fact that are relevant to the petitioner's appeal. At the time the petitioner pleaded guilty, on November 21, 1991, he was charged in three separate informations with possession of a weapon in a correctional institution in violation of General Statutes § 53a-174a, two counts of felony murder in violation of General Statutes § 53a-54c and violation of probation in violation of General Statutes § 53a-32. Given the serious nature of the crimes with which the petitioner had been charged, he faced a lengthy prison term, if convicted, and possibly the death penalty. The trial court, *Ronan, J.*, thoroughly canvassed the petitioner. In February, 1992, Judge Ronan sentenced the petitioner to thirty years in prison, pursuant to a plea agreement trial counsel had negotiated with the state. The habeas court further found that the petitioner's plea was made knowingly and voluntarily with the assistance of competent counsel. The petitioner had sufficient awareness of the relevant circumstances and likely consequences of his plea. The court concluded that the petitioner's guilty plea was valid. The court denied the amended petition and denied the petition for certification to appeal.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). The standard of review of a habeas court's denial of a peti-

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

tion for a writ of habeas corpus that is based on a claim of ineffective assistance of counsel is well settled. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner generally must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "For ineffectiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) . . . . To satisfy the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Citation omitted; internal quotation marks omitted.) *Hernandez* v. *Commissioner of Correction*, 82 Conn. App. 701, 705–706, 846 A.2d 889 (2004).

Following our careful review of the record, including Judge Ronan's plea canvass of the petitioner and the briefs of the parties, we conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal. We cannot conclude that the issues presented in this appeal are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. See *Owens* v. *Commissioner of Correction*, 63 Conn. App. 829, 831, 779 A.2d 165, cert. denied, 258 Conn. 905, 782 A.2d 138 (2001).

The appeal is dismissed.