DION BUSH *v.* COMMISSIONER OF CORRECTION
(AC 25377)

Lavery, C. J., and Bishop and Peters, Js.

Argued October 27—officially released December 6, 2005

*Mary H. Trainer,* special public defender, for the appellant (petitioner).

*Frederick W. Fawcett,* supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Gerard P. Eisenman,* senior assistant state's attorney, for the appellee (respondent).

Opinion

PER CURIAM. The petitioner, Dion Bush, appeals following the denial of his petition for certification to appeal from the judgment dismissing his petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was convicted, following a jury trial, of murder in violation of General Statutes § 53a-54a (a) and conspiracy to commit murder in violation of General Statutes §§ 53a-48 and 53a-54a (a). The petitioner was given an effective sentence of sixty years incarceration. Our Supreme Court upheld the petitioner's conviction. See *State* v. *Bush,* 249 Conn. 423, 735 A.2d 778 (1999).

At the criminal trial, immediately before the start of the state's case-in-chief, the petitioner's codefendant, Robert Robertson, moved to sever the trials on the ground that there was a potential for antagonism between his defense and the petitioner's. The petitioner also moved for severance, claiming that if Robertson were to change his theory of defense during trial, there was a potential for antagonism between his defense and Robertson's. The court determined that because there was no conflict between the defenses of the petitioner and Robertson at that time, the motions for severance on the ground of antagonistic defenses were

premature. The court, therefore, denied those motions. In doing so, however, the court specifically stated that both the petitioner and Robertson could renew their severance motions if an actual conflict between their defenses arose during trial. The petitioner did not renew his motion for severance at any time thereafter.[1]

On direct appeal, our Supreme Court declined to review the petitioner's claim regarding severance because he never objected to the trial court's denial of his initial motion for severance or renewed his motion for severance at any time during the trial. Id., 428.

The petitioner filed a petition for a writ of habeas corpus, claiming ineffective assistance of counsel. The petitioner claimed, inter alia, that his trial counsel was deficient because he failed to withdraw from representation of the petitioner in the presence of a conflict of interest and failed to renew the motion for severance of the case from that of the codefendant. In dismissing the habeas petition, the court determined that the petitioner had failed to prove that there was any conflict of interest. The court also found that the petitioner had failed to establish that his counsel was deficient or that the petitioner was consequently prejudiced in failing to renew the motion for severance of the petitioner's case from that of the codefendant because, in the absence of antagonistic defenses between the defendants, there was no basis for a severance. The court subsequently denied the petition for certification to appeal. This appeal followed.

---

[1] On several occasions during the trial, Robertson renewed his motion for severance on the ground that certain additional statements made by the petitioner were not admissible against Robertson and caused him undue prejudice. The court determined that although those additional statements were not admissible against Robertson, they were not unduly prejudicial, and, therefore, Robertson was not entitled to severance on that ground. The denial of the motions for severance was affirmed by our Supreme Court. See *State* v. *Robertson*, 254 Conn. 739, 760 A.2d 82 (2000).

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citations omitted; internal quotation marks omitted.) *Owens* v. *Commissioner of Correction*, 63 Conn. App. 829, 830–31, 779 A.2d 165, cert. denied, 258 Conn. 905, 782 A.2d 138 (2001).

After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that the issues he raises are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, supra, 230 Conn. 616.

The appeal is dismissed.