JOSE A. COSME *v.* COMMISSIONER OF CORRECTION
(AC 26156)

Flynn, Gruendel and Dupont, Js.*

Submitted on briefs January 13—officially released March 7, 2006

*Anthony J. Musto*, special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas*, state's attorney, *Nancy L. Chupak*, assistant state's attorney, and *Edward R. Narus*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Jose A. Cosme, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus following the denial of his petition for certification to appeal. On appeal, the petitioner claims that the habeas court (1) abused

---

* The listing of judges reflects their seniority status on this court as of the date the appeal was submitted for decision.

its discretion by denying certification to appeal and (2) improperly found that he was not denied the effective assistance of counsel. We dismiss the petitioner's appeal.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. On August 23, 1999, the petitioner pleaded guilty under the *Alford*[1] doctrine to two counts of murder in violation of General Statutes § 53a-54a. On October 22, 1999, in accordance with a plea agreement, the petitioner was sentenced to two concurrent fifty year terms of incarceration.

The petitioner subsequently filed a second amended petition for a writ of habeas corpus in which he alleged that his trial counsel, Michael J. Isko, rendered ineffective assistance of counsel. Specifically, the petitioner alleged that his counsel did not advise him adequately of his options to plead guilty or elect a trial, failed to obtain a Spanish interpreter whom the petitioner understood and who could interpret court proceedings properly, and failed to investigate, locate witnesses and present evidence that the petitioner did not commit the murders. As a result, the petitioner claimed that his guilty plea was not knowing, intelligent and voluntary. Following a hearing, the court denied the habeas petition and the subsequent petition for certification to appeal. This appeal followed.

We first set forth our standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's permission. . . .

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To determine whether the court abused its discretion, the petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id., 616, quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). As to reversal on the merits, "[t]he standard of review of a habeas court's denial of a petition for a writ of habeas corpus that is based on a claim of ineffective assistance of counsel is well settled. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner generally must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Ortiz* v. *Commissioner of Correction*, 92 Conn. App. 242, 243–44, 884 A.2d 441, cert. denied, 276 Conn. 931, 889 A.2d 817 (2005).

With that standard in mind, we turn to the petitioner's claims on appeal. The petitioner claims that his trial counsel was ineffective because there was a breakdown in communication between the petitioner and counsel; the petitioner did not believe that he could provide potentially exculpatory evidence to Isko, nor did he understand what an *Alford* plea was or that, under the plea agreement, he would serve fifty years in prison with no opportunity for probation.

The petitioner's own admissions at the hearing, as noted by the habeas court, demonstrate that he was advised adequately of his options to plead guilty or to elect trial and that his plea was knowingly, intelligently

and voluntarily entered. The habeas court noted that on August 23, 1999, in a detailed plea canvass, the trial court had discussed the petitioner's options and the punishment he faced if convicted. In his testimony before the habeas court, the petitioner admitted that, at the plea canvass, he told the court that he had had enough time to discuss his decision to plead guilty with counsel, that he was entering his plea voluntarily and of his own free will, that he was not forced or threatened to plead guilty, that he understood that he was giving up his right to a trial where the state would have to prove him guilty beyond a reasonable doubt and that he understood that each charge of murder was punishable by a minimum of twenty-five years imprisonment with a maximum of a life sentence, which is defined in Connecticut as sixty years.

As noted by the habeas court, the transcript of the plea canvass does not support the petitioner's contention that his guilty plea was involuntary because he was not provided with a Spanish interpreter whom he understood and who could interpret court proceedings properly. The petitioner testified at the habeas hearing that, at the plea canvass, he answered in the affirmative when asked if he understood the questions that the court had asked him. Furthermore, in response to the court's invitation to speak, the petitioner responded at some length in English and indicated that he understood that he would serve fifty years.

The petitioner claims that counsel failed to investigate, to locate witnesses and to present evidence that he did not commit the murders. However, the petitioner gave only vague references to support his claim that counsel failed to locate and call exculpatory witnesses. As noted by the habeas court, the petitioner gave only the first name of the person he claimed to be his alibi witness. Only the petitioner and Isko testified at the

habeas hearing, and the petitioner did not call his alleged alibi witness to testify at that hearing.

We conclude, therefore, that the petitioner has failed to sustain his burden of persuasion that the denial of certification to appeal was an abuse of discretion. The petitioner's claim is nondebatable among jurists of reason, unresolveable in a manner different from that in which it was resolved and inadequate to deserve encouragement to proceed further.

The appeal is dismissed.

