## ERIC AMADO *v.* COMMISSIONER OF CORRECTION
## (AC 28381)

Bishop, Robinson and Lavery, Js.

Argued May 22—officially released September 16, 2008

*Christopher M. Neary*, special public defender, for the appellant (petitioner).

*Susann E. Gill*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVERY, J. The petitioner, Eric Amado, appeals following the denial of certification to appeal from the judgment of the habeas court dismissing his second amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in

denying certification to appeal and improperly rejected his claim that his trial counsel provided ineffective assistance. We dismiss the petitioner's appeal.

The facts giving rise to this case are set forth in *State v. Amado*, 42 Conn. App. 348, 680 A.2d 974 (1996), after remand, 50 Conn. App. 607, 719 A.2d 45 (1998), rev'd in part, 254 Conn. 184, 756 A.2d 274 (2000). The following procedural history is relevant to our resolution of the petitioner's appeal. On November 1, 1993, the petitioner was convicted, after a jury trial, of two counts of murder in violation of General Statutes § 53a-54a (a) and two counts of felony murder in violation of General Statutes § 53a-54c. At trial, the petitioner claimed that he had acted in self-defense. On December 10, 1993, the trial court merged the felony murder and murder conviction into one count of capital felony in violation of General Statutes § 53a-54b (7) and sentenced the petitioner to life imprisonment without the possibility of release.

On July 21, 2005, the petitioner filed an amended petition for a writ of habeas corpus through counsel. The habeas court, *Hon. William L. Hadden, Jr.*, judge trial referee, conducted a trial on the habeas petition on April 18 and 21, 2006. On May 30, 2006, the petitioner filed a second amended petition, which added the appellate history of this case but did not alter the material allegations of the initial petition. The first count of the second amended petition alleged that the petitioner's confinement is unlawful because his conviction was obtained in violation of his due process rights in that the state failed to disclose certain exculpatory information relating to the violent criminal history of one of the victims. The second count alleged that the petitioner was denied the right to effective assistance of counsel. The third count claimed that the petitioner is actually innocent of the felony of attempted robbery on the basis of alleged newly discovered evidence.

Following a trial at which the petitioner, an expert witness, a witness to the incident and that witness' trial counsel, as well as the petitioner's trial counsel, John R. Gulash, testified, the court, in a comprehensive twenty-one page memorandum of decision, dismissed the petition. The court found that the petitioner failed to establish that the prosecution suppressed the evidence concerning one of the victims and that Gulash testified that he had the criminal record available to him in the trial proceedings. In regard to the ineffective assistance of counsel claim, the court found that Gulash was a "very credible witness and that he and his associates conducted an exhaustive investigation." The court further found that the petitioner failed to prove that Gulash's representation was deficient in any way or that Gulash's action or inaction caused actual prejudice. The petitioner's actual innocence claim also was not proven. The court found that the evidence referred to in the claim would have had no effect on the jury. The court denied the petition for certification to appeal on November 27, 2006.

On appeal, the petitioner challenges the denial of certification to appeal as well as the judgment dismissing his amended petition for a writ of habeas corpus. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

Our standard of review for the petitioner's claim is well settled. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) Id.

"In determining whether there has been an abuse of discretion, every reasonable presumption should be

given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *James*, 64 Conn. App. 495, 499, 779 A.2d 1288 (2001), rev'd on other grounds, 261 Conn. 395, 802 A.2d 820 (2002). As to reversal on the merits, "[t]he standard of review of a habeas court's denial of a petition for a writ of habeas corpus that is based on a claim of ineffective assistance of counsel is well settled. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner generally must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Ortiz* v. *Commissioner of Correction*, 92 Conn. App. 242, 243–44, 884 A.2d 441, cert. denied, 276 Conn. 931, 889 A.2d 817 (2005).

After our careful review of the record and briefs, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal. We are not convinced that the issues presented in this appeal are debatable among jurists of reason, that a court could resolve them in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, supra, 230 Conn. 616. Furthermore, no injustice is apparent.

The appeal is dismissed.

In this opinion the other judges concurred.